[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-15203

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 22, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00038-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEON MONROE JONES,
a.k.a. Johnny Lee Jones,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(October 22, 2007)**

Before BIRCH, BARKETT and COX, Circuit Judges.

PER CURIAM:

Defendant-appellant, Deon Monroe Jones, appeals his conviction for

possession of ammunition by a convicted felon and possession of ammunition by a controlled substance user under 18 U.S.C. §§ 922(g)(1) and 922(g)(3). Jones argues, inter alia, that the instructions given by the district court in response to the jury's announcement of deadlock were sufficiently coercive to deprive him of fundamental fairness, and that there was insufficient evidence to support a guilty verdict. We reverse and remand for a new trial.

## I. BACKGROUND

After nearly two hours of deliberation, the jury in Jones's case sent a second note to the district court announcing deadlock. R2 at 70. The district judge called them into the courtroom and instructed them to come back the next day to continue deliberations, adding "[w]e will do this until you reach a verdict." R5 at 251. The next morning, when one of the jurors called in sick, an alternate was put in her place and the court told the jury to begin deliberating anew for the benefit of the alternate juror. He added that "there [wa]s no need of sending [the court] any notes that [the jury] can't agree, because you are going to stay here for a long time." R7 at 3. At no point, from the time the first deadlock note was sent, did the court reemphasize that, in reaching a verdict, no juror should abandon an honestly held belief. The jury returned a verdict against Jones within the hour.

## II. DISCUSSION

Because Jones made no objection to the instructions at the time they were given, "we review for plain error." United States v. Prather, 205 F.3d 1265, 1271 (11th Cir. 2000). To satisfy the plain error standard, the challenged instruction must constitute "'error' that is 'plain' and that 'affect[s] substantial rights.'" United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993). Finally, we will correct such a forfeited error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id.

An instruction which appears to give a jury no choice but to return a verdict is impermissibly coercive. See Jenkins v. United States, 380 U.S. 445, 446, 85 S. Ct. 1059, 1060 (1965). In Jenkins, after about two hours of deliberation, the jury sent a note informing the district judge that it was deadlocked. Id. The district judge called the jury into the courtroom and "in the course of his response stated that 'You have got to reach a decision in this case.'" Id. The Supreme Court found the instruction to constitute plain error and reversed and remanded the case for a new trial. Id.

We observe that the court's instructions here and the context in which they were given are effectively indistinguishable from those found to be impermissibly coercive in Jenkins. The only real distinction in Jones's case – the replacement of

3

one juror by an alternate the following morning – makes no difference because (1) the alternate juror heard the court's admonition on the previous day and (2) the judge reiterated that morning that there was "no need" to send him any notes announcing deadlock. R7 at 3. Accordingly, we find that these instructions, in this context, constituted a plainly incorrect statement of law to the jury, that this error affected Jones's substantial rights, and that such an error seriously affects the fairness, integrity, and public reputation of judicial proceedings. We find the instructions to have been plain error.

Because this finding requires remand for a new trial, the only other issue we must address here is Jones's argument that the evidence presented at trial was insufficient to support his conviction. "We review a verdict challenged for sufficiency of the evidence <u>de novo</u>, resolving all reasonable inferences in favor of the verdict." <u>United States v. Yost</u>, 479 F.3d 815, 818 (11th Cir. 2007) (per curiam). Upon thorough review of the record, we find sufficient evidence existed to support a guilty verdict.

### III. CONCLUSION

Jones appeals his conviction for possession of ammunition by a convicted felon and controlled substance user on the grounds, <u>inter alia</u>, of coercive jury instructions and insufficiency of evidence. Although we find there was sufficient

4

evidence to support a guilty verdict, because we also find the verdict in this trial to have been infected by the coercive instruction, we REVERSE Jones's convictions and REMAND for a new trial.