[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10439
Non-Argument Calendar

_____

D.C. Docket No. 5:13-cr-00101-AKK-HGD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRYSTAL S. DOUGLAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 23, 2014)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Crystal Douglas appeals her conviction for knowingly making a false statement on a loan application, in violation of 18 U.S.C. § 1014. On appeal,

Douglas argues that the district court plainly erred by delivering an Allen[1] charge, which she contends unduly coerced the jury into returning a split verdict finding her guilty on one of the two charged counts.  After careful review, we affirm.

Generally, we review the district court's use of an Allen charge for abuse of discretion, and will hold that a court abused its discretion only if the charge was inherently coercive.  See United States v. Woodard, 531 F.3d 1352, 1364 (11th Cir. 2008).  Where a party does not object to the district court's use of an Allen charge, however, we will review a challenge to the charge on appeal only for plain error. United States v. Taylor, 530 F.2d 49, 51 (5th Cir. 1976).[2]  Under plain error review, the defendant must show: (1) error; (2) that is plain; and (3) that affects substantial rights.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  We may then exercise our discretion to notice a forfeited error, but only if "'the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  Id. (citation omitted).  "To determine whether an Allen charge is plain error, we must evaluate whether the particular charge is coercive in light of the facts and circumstances of the case and whether further instructions following timely objection could correct the problem."  Taylor, 530 F.2d at 51.  We have held that, even if factors lead to the conclusion that the district court erred in giving

---

[1] Allen v. United States, 164 U.S. 492 (1896).
[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

an <u>Allen</u> charge, the error does not constitute plain error if further instructions by the court could have cured the error. <u>See</u> <u>id.</u> at 52.

In giving an <u>Allen</u> charge, the district court "instructs a deadlocked jury to undertake further efforts to reach a verdict." <u>United States v. Bush</u>, 727 F.3d 1308, 1311 n.1 (11th Cir. 2013), <u>cert. denied</u>, 134 S.Ct. 967 (2014) (quotations omitted). In considering whether an <u>Allen</u> charge was inherently coercive, we consider both the language of the charge and the totality of the circumstances under which it was delivered. <u>Woodard</u>, 531 F.3d at 1364.

We have noted our approval of the current pattern jury instruction for an <u>Allen</u> charge, concluding that it is not, based on its language alone, inherently coercive. <u>Bush</u>, 727 F.3d at 1320. However, because of the potential for coercion inherent to an <u>Allen</u> charge, "close scrutiny is demanded of any modification of the accepted language." <u>United States v. Alonso</u>, 740 F.2d 862, 878 (11th Cir. 1984). In assessing the propriety of a particular <u>Allen</u> charge, we look to whether "partial or one-sided comments were engrafted" upon the instructions. <u>See</u> <u>Posey v. United States</u>, 416 F.2d 545, 552 (5th Cir. 1969). Moreover, "[a]n instruction which appears to give a jury no choice but to return a verdict is impermissibly coercive." <u>United States v. Jones</u>, 504 F.3d 1218, 1219 (11th Cir. 2007). On the other hand, we have held that an <u>Allen</u> charge is not coercive where the district court specifically states to the jury that no juror is expected to give up his or her

3

honest belief regarding the evidence. United States v. Trujillo, 146 F.3d 838, 846-47 (11th Cir. 1998).

In considering the totality of the circumstances, we consider, inter alia, the amount of time between the delivery of the Allen charge and the return of the jury's verdict. Woodard, 531 F.3d at 1364. We have held that, even where the window of time between the giving of the Allen charge and the return of the verdict is relatively brief, such an occurrence does not necessarily render the charge coercive. See, e.g., United States v. Chigbo, 38 F.3d 543, 545-46 (11th Cir. 1994) (holding that a 15-minute window between the Allen charge and the return of the jury's verdict did not demonstrate that the charge was coercive); United States v. Scruggs, 583 F.2d 238, 241 (5th Cir. 1978) (48 minutes). We've also held that the fact that the jury returned a split verdict does not establish that the given Allen charge was coercive. United States v. Demarest, 570 F.3d 1232, 1243 (11th Cir. 2009).

Here, the district court did not commit any error, much less plain error, in giving the Allen charge. As the record shows, the district court's Allen charge was nearly identical to the approved Eleventh Circuit pattern instruction, and it clearly instructed the jurors that they were not to give up their honest beliefs as to the evidence. See Trujillo, 146 F.3d at 846-47. Additionally, neither of the court's non-pattern comments that Douglas challenges on appeal demonstrate that the

charge was unduly coercive. Specifically, Douglas challenges two of the court's given statements as coercive: (1) the court's statement, made at the beginning of the charge, that "I have read your latest note, and I've read all of your notes from yesterday that gave me the same message as you gave me today with your last note"; and (2) the court's later statement, given at the end of the charge, providing that "we will wait to hear from you before we call it a day." Contrary to Douglas's attempts to label these comments by the district court as coercive, neither comment was partial or one-sided, as neither would lead a reasonable juror to believe that either the majority's or minority's views on the evidence were correct. See Posey, 416 F.2d at 552. Further, neither of the challenged comments expressed to the jurors that they had no choice but to return a verdict. See Jones, 504 F.3d at 1219. Finally, there is nothing in the record that indicates that the district court's Allen charge was unduly coercive under the totality of the circumstances.

**AFFIRMED**.

5