[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14219
_____

D.C. Docket No. 1:12-cr-20889-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HILDRA JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 5, 2015)

Before MARTIN and DUBINA, Circuit Judges, and RODGERS,[*] District Judge.

PER CURIAM:

_____

[*] Honorable M. Casey Rodgers, Chief United States District Judge for the Northern District of Florida, sitting by designation.

Hildra Jones appeals his conviction and sentence on two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). He argues that the district court violated his right to a fair trial by giving the jury a premature and "severely" modified *Allen*[1] charge and also erred at sentencing by increasing his mandatory minimum sentence based on prior convictions not found by the jury beyond a reasonable doubt and by failing to resolve a factual objection to the Presentence Investigation Report ("PSR"). After careful consideration, and with the benefit of oral argument, we affirm in part, vacate in part, and remand for resentencing.

## I. BACKGROUND

During Jones's trial, ATF Special Agent Ignacio Esteban testified that he and an undercover confidential informant purchased firearms from Jones on August 30, 2012, and September 4, 2012. Special Agent Esteban purchased the first firearm, a .38 caliber pistol, from Jones for $180 cash. In the second transaction, Special Agent Esteban paid Jones $200 for a .20-gauge shotgun. When asked at trial whether either of the firearms had been reported stolen, Special Agent Esteban answered, "No." The parties stipulated that Jones had been

---

[1] *Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154 (1896). "In an *Allen* charge, the judge instructs a deadlocked jury to undertake further efforts to reach a verdict." *United States v. Chigbo*, 38 F.3d 543, 544 n.1 (11th Cir. 1994).

convicted of a felony offense prior to August 30, 2012, and that his right to possess a firearm had not been restored.

The trial lasted two days. The jury began deliberating at around 9:30 a.m. on Monday, April 29, 2013, and, after approximately an hour and a half, sent a note to the Court asking whether the government had to prove that Jones knew the guns had traveled in interstate or foreign commerce. The attorneys and judge agreed that the appropriate response was to refer the jury to the instructions and remind them not to single out or disregard any instruction. Deliberations resumed at 11:27 a.m. The jury sent a second note shortly thereafter, although it is unclear from the handwriting on the note whether it was written at 11:35 a.m. or 1:35 p.m., reporting that they had reached an impasse:

> We are at an impass[e] as a jury. We cannot come to an agreement due to religious beliefs/belief [that] second chances should be given. This beliefs are [*sic*] not open to discussion. Please advise. The individual are [*sic*] aware that the law must be followed. But still in disagreement.

The judge and parties reconvened at 2:16 p.m. to consider the note. They discussed the possibility of striking a juror and calling in an alternate. Defense counsel objected and asked that the jury be directed to continue deliberating. He also raised the possibility of the court giving an *Allen* charge, but only "after an appropriate amount of time." The judge agreed that the record at that point did not support striking a juror, and she decided instead to give a modified *Allen*

3

instruction, which she provided to counsel for their comments.  Defense counsel

voiced no objection to the court giving the instruction but suggested the judge give

a shortened version.  The judge then read her proposed language, and both parties

agreed with it on the record.  The jury was then instructed as follows:

> I am going to ask that you continue your deliberations, in an effort to reach agreement upon a verdict and dispose of this case.
> Your decision must be based only on the evidence presented during the trial.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.
> Remember, at all times, that no juror is expected to give up an honest belief he or she may have as to the weight or effect of the evidence, but after full deliberation and consideration of the evidence in this case, it is your duty to agree upon a verdict, if you can do so.  You must follow the law as I explained it to you, even if you do not agree with the law, and you must follow all of my instructions as a whole.  You must not single out or disregard any of my instructions on the law.
> I am now going to ask that you retire once again and continue deliberations, with these additional comments in mind, of course, in conjunction with all of the instructions that I have previously given to you.

(DE 77: 17-18).  Two hours later, the jury returned a guilty verdict on both counts.

At sentencing, the judge found that Jones was an armed career criminal and

adopted the recommended sentencing range under the United States Sentencing

Guidelines ("Guidelines" or "U.S.S.G."), as calculated in the PSR, which started at

a base offense level of 20 and then applied a 2-level upward adjustment on grounds

that one of the firearms Jones possessed had been stolen.  *See* U.S.S.G. §

2K2.1(b)(4)(A).  Jones's offense level was then bumped to 33 as a result of the

armed career criminal guideline.  *See* U.S.S.G. § 4B1.4(b)(3)(B).  Jones's total

offense level, combined with a Criminal History Category of VI, yielded an

advisory Guidelines range of 235 to 293 months.

Jones objected to his status as an armed career criminal on grounds that the

government had not proven three qualifying prior convictions for the enhancement,

as required by the ACCA.[2]  Jones also objected to the increase in his statutory

mandatory minimum and maximum penalties based on the fact of prior convictions

that were not found by the jury, which he argued violated his Fifth and Sixth

Amendment rights, citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and

*Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).  Jones alternatively

requested a downward variance to the 15-year mandatory minimum sentence,

arguing that the government had unfairly used his son against him as a confidential

informant.[3]  Also, during the sentencing hearing, Jones's attorney objected to, and

orally moved to strike, the recommended 2-level upward adjustment for possession

of a stolen firearm on the grounds that this fact was not proven at trial.  The

government argued that the Guidelines do not require proof that the defendant

---

[2] A person who violates § 922(g) "and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a mandatory 15-year sentence of imprisonment.  18 U.S.C. § 924(e)(1).

[3] Jones also made an oral motion for a new trial based on newly discovered telephone records, which he argued showed entrapment by the confidential informant.  The district court found that the motion had not been properly raised and thus did not consider it.  This ruling was not appealed.

knew the firearms were stolen and that, in any event, the issue was of no import because Jones was subject to a 15-year statutory mandatory minimum.

Without expressly ruling on Jones's factual objection to the stolen firearm adjustment, the district judge adopted the PSR and found that the Guidelines calculation was correct. She also rejected Jones's arguments concerning his prior convictions, correctly recognizing that the Supreme Court in *Alleyne* did not overrule the rule of *Almendarez-Torres*, 523 U.S. 224, 118 S. Ct. 1219 (1998), which provides that the fact of a prior conviction does not need to be found by the jury. The judge found that Jones had the requisite qualifying convictions and applied the ACCA enhancement.[4] She then granted Jones's request for a downward variance[5] and imposed a 195-month sentence.

## II.  DISCUSSION

### A. *Allen* Charge

We review the district court's decision to give to give an Allen charge for an abuse of discretion. *See United States v. Woodard*, 531 F.3d 1352, 1364 (11th Cir. 2008). We reverse based on an *Allen* instruction only if the charge was "inherently

---

[4] According to the PSR, Jones's criminal record included prior convictions for assault on a law enforcement officer in 1985; delivery of a controlled substance (crack cocaine), armed robbery, and aggravated battery in 1987; and an incident of rioting at a correctional institution, resisting officers with violence, battery on law enforcement officers, and possession of contraband in prison in 1989, among other things. Jones did not object to any of these convictions being included in the PSR.

[5] The variance was based on Jones's relationship with the confidential informant and the length of time that had passed between his most significant drug arrest and the instant offense.

6

coercive." *United States v. Dickerson*, 248 F.3d 1036, 1050 (11th Cir. 2001) (internal marks omitted). To determine whether the charge was coercive, we consider "the language of the charge and the totality of the circumstances under which it was delivered." *Woodard*, 531 F.3d at 1364. We have approved use of the Eleventh Circuit's pattern *Allen* instruction on multiple occasions. *See, e.g., id.; Dickerson*, 248 F.3d at 1050. Modifications to the instruction must be closely scrutinized, considering the language used and the impact of that language in the given circumstances "because of its potential coercive effect." *United States v. Alonso,* 740 F.2d 862, 878 (11th Cir. 1984); *see also id.* (requiring "a thorough examination of the course of the jury's deliberations, as well as the content of the instructions as a whole"). In particular, our task is to ensure that no "partial or one-sided comments were engrafted" onto the instructions, *Posey v. United States*, 416 F.2d 545, 552 (5th Cir. 1969),[6] and the instruction must avoid language that impermissibly "appears to give a jury no choice but to return a verdict," *United States v. Jones*, 504 F.3d 1218, 1219 (11th Cir. 2007). We have previously recognized that an *Allen* charge is not inherently coercive if it specifically instructs that no juror is expected to give up an honest belief regarding the evidence. *See United States v. Trujillo*, 146 F.3d 838, 846-47 (11th Cir. 1998); *Posey*, 416 F.2d at

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

552 (stating an instruction is not coercive "as long as it makes clear to the jury that each member has a duty conscientiously to adhere to his own honest opinion"). We also consider factors such as whether the court conducted a poll of the jury that identified a dissenting juror before giving the charge and "the amount of time between the delivery of the charge and the return of the jury's verdict." *Woodard*, 513 F.3d at 1364. The timing of an *Allen* instruction is within the district court's discretion, and we have previously found no abuse of discretion in circumstances where the jury had deliberated for only four hours before the instruction was given. *See United States v. Bush*, 727 F.3d 1308, 1321 (11th Cir. 2013) (collecting cases approving the giving of an *Allen* charge after periods of less than four hours of deliberation), *cert. denied*, 134 S. Ct. 967 (2014).

Jones argues that the district judge's decision to give an *Allen* charge was not an appropriate response to the jury's report of impasse because the impasse was based on religious beliefs, as opposed to the evidence, and it was given too soon. He also argues that the content of the instruction was inherently coercive because it was "severely modified" and thus violated his right to a fair trial. The government maintains that Jones failed to preserve these arguments for appeal.

On review of the record, we find that Jones preserved his argument as to the timing of the instruction. The record reflects that defense counsel urged the district

judge to allow the jury to continue deliberating.  Thus, we review the issue for an abuse of discretion, and find none.

"Our precedent does not require . . . an express indication of deadlock before the district court gives an *Allen* charge."  *Bush*, 727 F.3d at 1321.  The instruction here was given in response to the jury's statement that it was at an impasse, and the jury was not polled.  The district judge and parties discussed the fact that the note attributed the impasse to one or more juror's religious belief in the need for second chances, but they also agreed that it was too soon to discharge a juror and substitute an alternate, and that the jury should continue deliberating.  According to the note, the jury had deliberated at least two hours (possibly four–the time written on the note is unclear), and deliberations had been ongoing for five hours by the time the judge gave the modified *Allen* charge.  *See id*. (finding the timing of an *Allen* instruction not premature or coercive where the jury had deliberated almost four hours, citing cases where the instruction was approved after deliberations of less than four hours).  The totality of the circumstances in this case demonstrates that the district judge did not abuse her discretion in responding to the jury's note of impasse by giving a modified *Allen* charge.

Regarding the language of the *Allen* charge, although defense counsel suggested a shortened version, he did not object to the court's proposal.  In fact, after the judge read her proposed modified *Allen* charge on the record, defense

counsel not only voiced no objection to the wording but he expressly agreed with it.  "[W]hen a party agrees with a court's proposed instructions, the doctrine of invited error applies, meaning that review is waived even if plain error would result."  *United States v. Frank*, 599 F.3d 1221, 1240 (11th Cir. 2010); *see also United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005) (finding a party invited error by responding that the language of the court's proposed jury instruction was "acceptable" or "covered the bases," thereby waiving any right to challenge the language of the instruction).  We agree with the government that, by expressly agreeing to the language of the modified *Allen* charge, Jones waived any argument that the content or wording of the instruction was coercive.[7]

## B.  ACCA

Jones argues that his sentence must be vacated because his statutory minimum and maximum penalties were increased pursuant to the ACCA based on prior convictions that were neither alleged in the indictment nor found by the jury at trial in violation of his Fifth and Sixth Amendment rights, relying on *Alleyne*.

---

[7] Even if he did not invite error, Jones did not object, and thus, our review would be limited to plain error.  *See Silvestri*, 409 F.3d at 1337 n.7.  The language of the *Allen* instruction given, as quoted above, instructed the jury that it was their duty to reach a verdict, but that phrase was immediately followed by the qualifying phrase, "if you can do so," which limited any coercive effect.  Additionally, the modified *Allen* charge carefully instructed that no juror was expected to give up an honest belief regarding the evidence, language which we have recognized is not inherently coercive.  *See Trujillo*, 146 F.3d at 846-47.  We find no inherently coercive language in the charge, and thus no plain error.  This conclusion is bolstered by the fact that the jury continued to deliberate for another two hours after receiving the instruction before reaching a verdict.

We review constitutional challenges to a sentence *de novo*. *See United States. v. Harris*, 741 F.3d 1245, 1248 (11th Cir. 2014).

Pursuant to the ACCA, an individual convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum 15-year sentence if he has three previous federal or state convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Ordinarily, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2155 (citing *Apprendi*, 530 U.S. at 483 n.10, 490, 120 S. Ct. at 2359 n.10, 2362-63). In *Alleyne*, the Supreme Court determined that this principle applies not only to facts that increase the applicable maximum sentence but also to facts that increase the applicable mandatory *minimum* sentence. *Id.* at 2162. Additionally, the Court in *Alleyne* expressly preserved the "narrow exception" to the rule, articulated in *Almendarez-Torres*, that the fact of a prior conviction is not an element that must be proven to the jury. *Id.* at 2160 n.1. We have repeatedly acknowledged that despite "some tension between *Almendarez-Torres* on the one hand and *Alleyne* and *Apprendi* on the other," we are bound to continue applying *Almendarez-Torres*, unless and until the Supreme Court decides differently. *Harris*, 741 F.3d at 1250 (stating also, "we are not free to do what the Supreme Court declined to do in *Alleyne*, which is overrule

11

*Almendarez-Torres*"); *United States v. Beckles*, 565 F.3d 832, 846 (11th Cir. 2009) ("This Court has confirmed repeatedly that *Almendarez-Torres* is good law and that a district court does not err by relying on prior convictions to enhance a defendant's sentence." (internal marks omitted)); *see also United States v. Thomas*, 242 F.3d 1028, 1035 (11th Cir. 2001) (declining an invitation to "beat [the Supreme Court] to the punch" and overrule *Almendarez-Torres* ourselves). Thus, the district court did not err in rejecting Jones's argument that, before the mandatory ACCA penalties could be applied at sentencing, the jury must have found beyond a reasonable doubt the fact of his prior convictions.

Jones argues for the first time on appeal that, even applying *Almendarez-Torres* to the fact of his convictions, the facts *about* his convictions, such as whether they were violent felonies or serious drug offenses under the ACCA, must have been decided by a jury, citing *Shepard v. United States*, 544 U.S. 13, 24-26, 125 S. Ct. 1254, 1262-63 (2005) (limiting the sentencing court's inquiry "under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense" to certain *Shepard*-approved documents). The Supreme Court drew a critical distinction in *Shepard* between the fact of a prior conviction, which may be decided by the sentencing judge based on a preponderance of the evidence, and a fact *about* a prior conviction, which must be determined by a jury on proof beyond a reasonable

12

doubt. *See id*. Jones argues that the facts *about* his prior convictions, such as their nature or character as qualifying convictions for purposes of the ACCA, cannot be decided by a judge. We review this argument for plain error because Jones failed to raise it before the district court. Under plain error review, we consider whether the defendant has established "(1) error, (2) that is plain, and (3) that affects substantial rights." *Harris*, 741 F.3d at 1248 (internal marks omitted). If so, "we may exercise our discretion to correct the error only if ʻthe error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005)).

We reject Jones's argument and adhere to our firmly established precedent holding that the nature of a prior conviction for purposes of the ACCA may be decided by the sentencing judge. *See United States v. Greer*, 440 F.3d 1267, 1273-75 (11th Cir. 2006). "Since *Shepard*, we have consistently held that *Almendarez-Torres* remains good law, and we have explained that, for ACCA purposes, district courts may determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions, so long as they limit themselves to *Shepard*-approved documents." *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir.), *cert. denied*, 134 S. Ct. 311 (2013). *Shepard* does not apply here, however, because no factual dispute was identified that required the district court to consider documents beyond the PSR.

13

The facts within a PSR are "undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity." *Beckles*, 565 F.3d at 844 (internal marks omitted); *see also United States v. Bennett*, 472 F.3d 825, 834 (11th Cir. 2006) ("[T]he district court did not err in relying on the undisputed facts in Bennett's PSI to determine that his prior convictions were violent felonies under the ACCA and, therefore, that he was an armed career criminal."); *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (finding no error where a defendant's sentence was enhanced based on facts in the PSR to which the defendant did not object at sentencing).  Because Jones did not object to facts within the PSR characterizing the nature of his prior convictions, they are deemed admitted.   We have never held that it is error to rely on undisputed PSR facts in making the ACCA determination, and therefore, the district court did not commit plain error by doing so.  *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam) (explaining that "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving" a disputed issue).

## C.  Stolen Firearm

Jones also argues that his sentence should be vacated because he objected to the status of the firearms as stolen, and the district judge failed to either rule on this objection or state that the fact would not be considered as part of the sentence.  *See*

14

Fed. R. Crim. P. 32(i)(3)(B).  "We review *de novo* legal questions concerning the

Federal Rules of Criminal Procedure."  *United States v. Spears*, 443 F.3d 1358,

1361 (11th Cir. 2006).  The government argues that Jones did not preserve this

error because the defense's "brief mention" of the issue during sentencing was

insufficient to alert the judge to a specific factual objection.  We disagree.

The record reflects that at the sentencing hearing, the district judge gave the

parties an opportunity to raise arguments, and Jones objected to the PSR's

reference to the firearms as stolen.  Jones's oral factual objection, albeit brief, was

made before sentencing, which the rule permits, and the judge did not rule that the

objection was untimely.  *See* Fed. R. Crim. P. 32 (i)(1)(D) (permitting the

sentencing judge "for good cause [to] allow a party to make a new objection at any

time before sentence is imposed"); *see also United States v. Weir*, 51 F.3d 1031,

1033 (11th Cir. 1995) (noting that error is preserved if a relevant objection is raised

after the presentation of the report, but before the actual imposition of the

sentence).  Additionally, the objection to the characterization of the firearm as

stolen was made with sufficient clarity.  Thus, Jones preserved the objection, and

we apply *de novo* review.

Rule 32, in relevant part, requires the district court at sentencing to rule on

"any disputed portion of the presentence report or any controverted matter . . . or

determine that a ruling is unnecessary either because it will not affect sentencing,

15

or because the court will not consider the matter in sentencing." *See* Fed. R. Crim. P. 32(i)(3)(B); *see also United States v. O'Neill*, 767 F.2d 780, 787 (11th Cir. 1985) (remanding for resentencing where the district court "failed to make findings as to each controverted point or, alternatively, a determination that no finding was necessary because the disputed matter would not be taken into account"). We require strict adherence to the requirements of Rule 32. *See, e.g., United States v. Lopez*, 907 F.2d 1096, 1101 (11th Cir. 1990); *United States v. Funt*, 896 F.2d 1288, 1299 (11th Cir. 1990). Here, after Jones objected to the 2-level upward adjustment in U.S.S.G. § 2K2.1(b)(4)(A), the government argued that it was not necessary to prove Jones knew the firearms were stolen; however, it did not offer any evidence at sentencing or trial to establish that the firearms in fact were stolen.[8] Nonetheless, without expressly resolving the dispute or stating that the status of the firearm as stolen would not affect the sentence or be considered, the district judge found that the Guidelines range had been correctly calculated. This was procedural error. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007) (instructing that the first step in reviewing a sentence is to determine whether the district court committed "significant procedural error").

---

[8] When a defendant objects to a factual finding in the PSR, it is the government's burden to "establish[ ] the disputed fact by a preponderance of the evidence." *United States v. Campbell*, 765 F.3d 1291, 1298 (11th Cir. 2014).

16

Procedural error in sentencing "is harmless if the district court would have imposed the same sentence without the error." *United States v. Barner*, 572 F.3d 1239, 1248 (11th Cir. 2009); *see also Williams v. United States*, 503 U.S. 193, 202-03, 112 S. Ct. 1112, 1120-21 (1992) (stating "a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors"). The government argues that any procedural error was harmless because Jones's sentencing range, which was the starting point for the variance, was dictated by the armed career criminal offense level not the Guidelines calculation. While it is correct that the Guidelines range was not affected by the Rule 32 error, we cannot say with assurance on this record that the PSR's finding that one of the firearms had been stolen did not play a role in the extent of the district judge's variance. The district judge clearly expressed a desire to vary below the Guidelines range by granting a variance, but she did not vary as far as the statutory mandatory minimum would have allowed. There is no statement that she did not consider the disputed fact or that the variance decision would have been the same regardless of whether one of the firearms was stolen. Thus, there is simply no way to determine how heavily the stolen firearm factor might have weighed in the judge's decision, if at all, and therefore, we must remand for resentencing. *See O'Neill*, 767 F.2d at 787 (remanding for resentencing where the district court failed to make findings or "a determination

17

that no finding was necessary because the disputed matter would not be taken into account").

### III.  CONCLUSION

Accordingly, we affirm Jones's convictions but vacate his sentence and remand for resentencing consistent with this opinion.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**.