Gregory KING, Movant,

v.

UNITED STATES of America, Respondent.

CASE NO. 16–22261–CIV– LENARD/WHITE

United States District Court, S.D. Florida.

Signed 02/02/2017

Movant's attorney: Arun Ravindran

United States' attorney: Matthew John Langley

OMNIBUS ORDER DENYING MOVANT'S MOTION FOR RECONSIDERATION (D.E. 22); GRANTING MOVANT'S REQUEST FOR A FINAL ORDER OF DISMISSAL (D.E. 22); ADOPTING AND SUPPLEMENTING THE COURT'S PRIOR, NON–FINAL ORDER (D.E. 18); DISMISSING PURSUANT TO 28 U.S.C. § 2255(h), OR ALTERNATIVELY, DENYING PURSUANT TO 28 U.S.C. § 2255(a) MOVANT'S MOTION TO VACATE (D.E. 5) AND AMENDED MOTION TO VA-

CATE (D.E. 22); [1] DENYING A CERTIFICATE OF APPEALABILITY; AND CLOSING CASE

JOAN A. LENARD, UNITED STATES DISTRICT JUDGE

On August 24, 2016, the Court entered a non-final order dismissing Movant's Motion to Vacate without prejudice and denying as moot Judge White's Report. (D.E. 18.) Pursuant to its gatekeeping function under § 2255(h), the Court held that:

> The only argument the Applicant advances is that he was sentenced under the residual clause if Descamps applies retroactively. Because it does not, the Applicant has failed to demonstrate that he was 'sentenced under the residual clause.' Accordingly, his § 2255(h) application to file a second or successive motion must be dismissed for lack of jurisdiction.

Id. at 23; King v. United States, 202 F.Supp.3d. 1346, 1360–61, No. 16–22261–CIV, 2016 WL 4487785, at *10 (S.D. Fla. Aug. 24, 2016). However, the Court "permit[ted] the Movant to amend his 2255 motion to show that the sentencing record or controlling law (as it existed at the time of sentencing) establishes that he was sentenced under the residual clause in violation of Johnson." Id. The Court adopts its August 24th Order as the final order in this case consistent with this supplemental order.

On September 21, 2016, King filed his Motion for Reconsideration, arguing that the Court erred in its application of § 2255(h) and that Descamps v. United States, — U.S. —, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) and Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), apply retroactively when determining whether his prior convictions constitute predicate offenses under the Armed Career Criminal Act's ("ACCA") elements, enumerated and drug clauses. (D.E. 24.) The Movant also asserts, for the first time, that the law at the time of sentencing demonstrates that the Court must have relied on the residual clause. Based on this new argument, Movant contends he has satisfied the requirements of § 2255(h) and that the Court should grant relief pursuant to Johnson v. United States, 576 U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).[2]

■ To warrant reconsideration, the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." Instituto de Prevision Militar v. Lehman Bros., 485 F.Supp.2d 1340, 1343 (S.D. Fla. 2007) (quoting Socialist Workers Party v. Leahy, 957 F.Supp. 1262, 1263 (S.D. Fla. 1997)). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Id. (quoting Cover v. Wal–Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993)).

Because there has been no intervening change in controlling law and no new evi-

---

1. The Court construes part of Movant's Motion for Reconsideration as an Amended Motion to Vacate.

2. On June 26, 2015, the Supreme Court of the United States determined that the residual clause of the ACCA is unconstitutionally vague.

dence has been discovered, Movant's only ground for reconsideration is that the Court clearly erred and must vacate its previous order to prevent manifest injustice.

## I. The Court Did Not Clearly Err by Holding that Descamps is Not Retroactive for the Purposes of a Second or Successive 2255 Motion

██ The Eleventh Circuit has squarely held that Descamps is not retroactive for the purposes of a second or successive 2255 motion. In re Hires, 825 F.3d 1297, 1303 (11th Cir. 2016) ("[W]hile Descamps is retroactive for a first § 2255 motion, we 'have held that Descamps is not retroactive for purposes of a second or successive § 2255 motion.") (Emphasis added); In re Griffin, 823 F.3d 1350, 1356 (11th Cir. 2016) (quoting Ezell v. United States, 778 F.3d 762, 763 (9th Cir. 2015) ("[T]he the Supreme Court did not announce a new rule of constitutional law in Descamps. Rather, it clarified—as a matter of statutory interpretation—application of the ACCA in light of existing precedent."), cert. denied, ── U.S. ──, 136 S.Ct. 256, 193 L.Ed.2d 212 (2015) and In re Jackson, 776 F.3d 292, 296 (5th Cir. 2015) ("Nothing in Descamps indicates that its holding announced a new rule that was constitutionally based, and Descamps did not announce that its holding applied retroactively to cases on collateral review.")); In re Thomas, 823 F.3d 1345, 1349 (11th Cir.

2016) ("Thomas has not made a prima facie showing that he has satisfied the criteria of § 2255(h)(2). As an initial matter, Thomas's claim that Descamps is a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review is unavailing. … Descamps did not announce a new rule of constitutional law as required under § 2255(h)(2).") (internal citations omitted); see also Mays v. United States, 817 F.3d 728, 734 (11th Cir. 2016) ("As the Supreme Court and other circuits have recognized, Descamps did not announce a new rule—its holding merely clarified existing precedent."). The reasoning the Eleventh Circuit employed to dispose of Hires, Griffin and Thomas binds this Court.[3]

Hires, Griffin and Thomas make clear that "Johnson does not serve as a portal to assert a Descamps claim." Hires, 825 F.3d at 1303. In Hires, the Eleventh Circuit explained that, "what matters [ ] is whether, at sentencing, [the Defendant's] prior convictions qualified pursuant to the residual clause, which would render his sentence subject to successive § 2255 challenge under Johnson, or pursuant to the elements clause, which would not." 825 F.3d at 1303; see also In re Moore, 830 F.3d 1268, 1271 (11th Cir. 2016) ("Whether at the time of his September 2005 sentencing hearing any of Moore's other felony convictions qualified as violent felonies within the statutory meaning is a matter

---

**3.** Thomas and Griffin—both decided on May 25, 2016—were two of the earliest panel decisions entered following the wave of applications to file second or successive motions based on Johnson. Therefore, as the earliest holdings, they are the binding precedent of this circuit. See United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993) (en banc) (The Eleventh Circuit follows "the firmly established rule [ ] that each succeeding panel is

bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court."); see also United States v. Golden, 854 F.3d 1256, 1256–57, 2017 WL 343523, at *1 (11th Cir. Jan. 24, 2017). "Published three-judge orders issued under § 2244(b) are binding precedent." In re Lambrix, 776 F.3d 789, 794 (11th Cir. 2015).

we leave to the district court in the first instance.") (emphasis added). The Eleventh Circuit also made clear that Descamps cannot be used to "re-litigate whether a prior [predicate offense]" qualifies under the elements or enumerated clauses and that a movant's sentence could be affirmed even if the predicate offenses "would [not] count were [the defendant] being sentenced today." Hires, 825 F.3d at 1303.

For these reasons, the Court did not clearly err when it held that Descamps is not retroactive for the purposes of a second or successive 2255 motion. Because the Court's August 24, 2016 Order was not clearly erroneous, Movant's Motion for Reconsideration is denied consistent with the reasoning in that Order and as supplemented herein.

## II. The Law at the Time of Sentencing Does Not Demonstrate the Court Relied on the Residual Clause

Although the Movant did not amend his 2255 motion, he did assert in his Motion for Reconsideration that his two 2001 drug convictions only count as one ACCA predicate offense and, based on the law at the time of sentencing, his burglary conviction did not qualify under the enumerated clause, and therefore, could only have qualified as an ACCA predicate under the residual clause. (D.E. 22 at 2–6.) The Court will construe this portion of the Motion for Reconsideration as an amendment to the Motion to Vacate and address whether Movant's new arguments clear the hurdle imposed by 28 U.S.C. § 2255(h).

When considering Movant's claims, the Court reviewed and considered the underlying record—specifically the sentencing transcript and the Movant's Presentence Investigation Report ("PSR"). Because the Court based Movant's sentence upon the uncontested facts in the PSR, the Court examined the PSR used at sentencing to determine whether, at the time of sentencing, his convictions would have qualified under the elements or enumerated clauses or would have only come under the residual clause. See United States v. Braun, 801 F.3d 1301, 1306 (11th Cir. 2015) ("This court has substantial precedent on the use of a Presentence Report in determining whether a prior conviction constitutes a violent felony under the ACCA."); United States v. Jones, 608 Fed.Appx. 822, 829 (11th Cir. 2015) ("We have never held that it is error to rely on undisputed PSR facts in making the ACCA determination, and therefore, the district court did not commit plain error by doing so."); United States v. Bennett, 472 F.3d 825, 834 (11th Cir. 2006) ("[T]he district court did not err in relying on the undisputed facts in Bennett's PSI to determine that his prior convictions were violent felonies under the ACCA and, therefore, that he was an armed career criminal."); United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (finding no error where a defendant's sentence was enhanced based on facts in the PSR to which the defendant did not object at sentencing); United States v. Adams, 91 F.3d 114, 116 (11th Cir. 1996) ("The PSR documented Adams' prior convictions, pursuant to his guilty pleas, for burglarizing both dwellings and businesses. The information contained in the PSR about Adams' prior convictions established that they were generic burglaries under Taylor and therefore those burglaries were properly counted for purposes of the § 924(e) enhancement.").

Having reviewed the record and the law as it existed on the date of sentencing,

August 31, 2007, the Court finds that two of Movant's convictions qualified under the ACCA's "drug offense" clause, his conviction for burglary qualified under the ACCA's enumerated clause and his aggravated battery conviction qualified under the ACCA's elements clause. The Movant, after being granted the opportunity to brief this issue and designate parts of the record, has not demonstrated a reasonable likelihood that his sentence enhancement depended upon the application of the ACCA's residual clause. Therefore, his Motion to Vacate must be dismissed under § 2255(h).[4] 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). Alternatively, Movant has not proven by a preponderance of the evidence that he was sentenced pursuant to the residual clause and therefore his Motion must be denied, on merits, pursuant to § 2255(a).

### A. Movant's Drug Distribution Convictions

 Movant asserts and the Government apparently agrees that his two 2001 convictions only count as one ACCA predicate offense. The Eleventh Circuit also made this assumption for the purpose of granting Movant's application to file a second or successive 2255 Motion. See In re King, No. 16–12695 (11th Cir. June 17, 2016). However, this Court is not bound by the "limited determinations" the Eleventh Circuit made to decide Movant's application pursuant to §§ 2255(h) and 2244(b)(3)(A). See In re Moss, 703 F.3d 1301, 1303 (11th Cir. 2013). Instead, the Court may rely on the uncontested facts in the PSR to determine whether a prior conviction constitutes a predicate offense under the ACCA. See In re Hires, 825 F.3d 1297, 1302 (citing United States v. McCloud, 818 F.3d 591, 595, 599 (11th Cir. 2016)).

 The PSR contains the following facts with respect to Movant's first drug distribution conviction:

On February 6, 2001, Gregory King sold an undercover Miami Police officer four individually wrapped blue plastic baggies containing cocaine rocks for $20. In addition, this transaction took place within 1,000 feet of Edison Middle School, which is located at 6101 3rd Avenue in Miami. On April 24, 2001, King was arrested without incident.

The PSR states the following regarding Movant's second drug distribution conviction:

On February 6, 2004[sic], at 2:44 p.m., Gregory King sold an undercover Miami

---

4. In his original Motion to Vacate (D.E. 5), Movant argues that the Eleventh Circuit's clear/unclear test governs the district court's § 2255(h) analysis as well. It does not. The Eleventh Circuit has repeatedly recognized that its § 2255(h) are "limited" and "result[] from [] a confined process." United States v. Seabrooks, 839 F.3d 1326, 1350 (11th Cir. 2016). Specifically, the Eleventh Circuit's prima facie decision is "based only on the petitioner's submission. [It] does not hear from the government. [It] usually do[es] not have access to the whole record. And [it] often do[es] not have the time necessary to decide anything beyond the prima facie question because we must comply with the statutory deadline." Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1357–58 (11th Cir. 2007). Given its limited time and information, the Eleventh Circuit developed the clear/unclear test as an analytical short-cut to determine whether it was possible that a movant had a Johnson claim. This analytical shortcut is unnecessary in the district court, because the district judge has the benefit of the record, substantive briefing and time.

Police officer five individually wrapped blue plastic baggies containing suspected crack cocaine. This transaction also took place near Edison Middle School located at 6101 NW 2nd Avenue. On April 24, 2001, while the defendant was already in custody on the preceding case, he was charged with this offense.

In this Circuit, when two or more predicate crimes occurred in close temporal and physical proximity to one another, the Court must decide whether a "break" occurred between the two crimes to determine whether they are distinct for the purposes of the ACCA. See United States v. Pope, 132 F.3d 684, 692 (11th Cir. 1998). Criminal episode(s) constitute separate criminal transactions when there is "the 'successful' completion of one crime plus a subsequent conscious decision to commit another crime." Id.

█ In this case, the PSR contains information which supports the conclusion that Movant's drug convictions arose from distinct criminal transactions—despite their temporal and physical proximity. For example, in the first transaction Movant sold four bags of cocaine rocks and in the second transaction Movant sold five bags of crack cocaine. Additionally, when referring to the second transaction the PSR states "this transaction also took place near Edison Middle School." (Emphasis added.) Based on the language used in the PSR, the Court finds that the first transaction was completed before the second transaction took place. Otherwise, the PSR would not have used modifiers distinguishing the two transactions.

The Movant bears the burden at this stage to establish by a preponderance of the evidence that his drug transactions were ongoing, continuous and indistinct. He has produced no information to tip the scales in his favor. The plain language of the PSR demonstrates that, at the time of sentencing, both drug convictions were predicate offenses for the ACCA. Accordingly, both of those convictions—absent any contrary proof from the Movant—could have applied as ACCA predicates at the time of sentencing. Alternatively, even if the two drug convictions are counted as only one ACCA predicate, the Defendant had two additional qualifying convictions at the time his sentence was imposed.

### B. Movant's Burglary Conviction

█ In Taylor v. United States, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court held "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." The Court defined "generic burglary" as "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 599, 110 S.Ct. 2143. At the time Movant was convicted of burglary, Florida law defined the offense as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." Fla. Stat. § 810.02 (1995); see also Williams v. Singletary, 78 F.3d 1510, 1513 (11th Cir. 1996). Florida law further defined "structure" as "a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof." See Fla. Stat. § 810.011(1) (West 1995); see also Henry v. State, 707 So.2d 370, 372 (Fla. 1st DCA

1998). Because Florida burglary could be committed by entering the curtilage of a building or structure, it did not qualify as generic burglary.[5] See James v. United States, 550 U.S. 192, 212, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007). However, that does not resolve whether the Court could have utilized the modified categorical approach to determine that Movant's 1997 burglary conviction qualified as a generic offense under the ACCA's enumerated clause.

In United States v. Matthews, 466 F.3d 1271, 1274 (11th Cir. 2006), the Eleventh Circuit addressed this exact issue. The Matthews court determined that because Florida burglary can be committed by entering the curtilage or the roofed portion of the structure, it cannot qualify as a predicate offense under ACCA's enumerated clause unless Shepard documents reveal that the defendant actually entered the roofed area of a building or structure. Id. at n.3. Finding that the Government had provided no appropriate Shepard documents, the court held that Mathews' burglary conviction did not qualify under the enumerated clause, but could still qualify under the residual clause.

The Eleventh Circuit approved its approach in Matthews in its subsequent decision in United States v. Weeks, 711 F.3d 1255 (11th Cir. 2013):

> Although Florida's burglary statute facially encompasses both generic and non-generic burglaries, a conviction under the statute can still qualify as a generic burglary if the charging documents or other Shepard-approved sources show that the offense involved unlawful entry into a building or structure. ... Because the charging documents show that Weeks was charged with unlawfully entering into three separate buildings with intent to commit a crime, his convictions qualify as generic burglaries under the ACCA's enumerated-offenses clause and, thus, we do not even have to apply the residual clause.

Therefore, it is clear that before Descamps and Mathis, sentencing courts could look to approved Shepard documents to determine whether the defendant actually entered a roofed structure or whether he only entered the curtilage.

In this case, the uncontested facts in the Movant's PSR reveal that: "On November 26, 1997, Gregory King ... went to the victim's electronics store ... climbed over the top of the booth, entered it, and threw approximately six items over the wall of the booth ...." Movant did not object to these facts which demonstrate that he actually entered a roofed structure (i.e. an electronics store) in violation of law. Because Movant entered a roofed structure, his conviction fell within the scope of generic burglary.

While Movant's 1997 burglary conviction may not qualify as a predicate offense if he were being sentenced today, it is clear that his burglary conviction qualified as a predicate offense under the ACCA's enumerated clause at the time of sentencing. Because Movant is not entitled to the retroactive benefit of Descamps and Mathis,

---

5. The Defendant argues that James is dispositive. (D.E. 22 at 3–4.) It is not. James stands for the uncontroversial proposition that Florida burglary is non-generic. James did not disturb the Court's ability to utilize the modified categorical approach to determine whether the Movant's burglary conviction qualified as an ACCA predicate as demonstrated by the Eleventh Circuit's subsequent decision in United States v. Weeks, 711 F.3d 1255 (11th Cir. 2013).

his 1997 burglary conviction qualified as a predicate offense under the ACCA's enumerated clause in 2007.

## C. Movant's Aggravated Battery on a Pregnant Woman Conviction

■ Movant asserts that the Government had previously conceded that aggravated battery of a pregnant woman does not constitute a predicate offense under the ACCA.[6] (D.E. 5 at 18–19.) However, the Court at sentencing adopted the PSR which included uncontested facts regarding this predicate offense. Because the Court could have relied on this predicate offense when imposing sentence under the ACCA, the Government cannot reverse the sentencing decision of a district court by its subsequent concession. Therefore, the Government's purported concession is not binding and does not eliminate aggravated battery of a pregnant woman as a predicate offense.

The Movant also argues, on the merits, that aggravated battery of a pregnant woman cannot qualify as a predicate offense, because under Florida law a person commits aggravated battery if "the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant." Fla. Stat. § 784.045. Section 784.045 requires proof of each of the elements of ordinary battery and: (1) that the victim was pregnant, and (2) the perpetrator knew the victim was pregnant. The elements of ordinary battery are proven when the perpetrator:

1. Actually and intentionally touches or strikes another person against the will of the other; or

---

6. Movant raises this argument in his Motion to Vacate, but does not raise it again in his Motion for Reconsideration.

7. The Eleventh Circuit held that aggravated battery of a pregnant woman, Fl. Stat. §§ 784.03(1)(a) and 784.045, is divisible.

2. Intentionally causes bodily harm to another person.

Fla. Stat. §§ 784.03(1)(a)(1) and (2). Movant argues that because aggravated battery can be proven by the mere "touching" of a pregnant woman, it is not a violent felony under the ACCA's elements clause.

Movant's argument conflicts with the Eleventh Circuit's analysis in its Order granting his application to file a second or successive 2255 Motion. In the Order, the panel noted that "King's 1996 conviction for aggravated battery of a pregnant woman likely remains a valid ACCA predicate offense," because the uncontested facts in the PSR reveal that Movant intentionally slapped a pregnant woman and pushed her on the bed. (D.E. 1 at 5–6.) The panel's position is consistent with a published decision of the Eleventh Circuit which held that, even post–Descamps, aggravated battery on a pregnant woman may count as a predicate offense under the elements clause if permissible Shepard documents reveal that the defendant: (1) actually and intentionally struck a pregnant woman; or (2) intentionally caused bodily harm to a pregnant woman.[7] See United States v. Braun, 801 F.3d 1301, 1305 (11th Cir. 2015); see also In re Robinson, 822 F.3d, 1196, 1197 (11th Cir. 2016) ("Neither Johnson nor any other case suggests that Robinson's [Florida] armed robbery and aggravated battery offenses don't count as ACCA predicates under the 'elements clause.' Indeed our precedent says otherwise.").

Furthermore, case law at the time of sentencing unambiguously demonstrates

---

Therefore, the Court may look to Shepard documents to determine whether the Movant actually and intentionally struck or intentionally caused bodily harm to a pregnant woman.

that aggravated battery qualified as a predicate offense under the elements clause of the ACCA. See United States v. Wright, 181 Fed.Appx. 914, 917 (11th Cir. 2006). In Wright, the Eleventh Circuit considered the uncontested facts in the defendant's presentence investigation report to determine whether his convictions for battery had as an element "the use, attempted use, or threatened use of physical force against the person of another." The court affirmed that Wright's prior battery convictions constituted violent felonies under the elements clause of the ACCA.

Here, Movant's PSR reveals that:

On April 14, 1996, an officer with the Miami Police Department was dispatched to ... a violent domestic situation. Upon his arrival, he was contacted by the victim, who was five months pregnant, who stated that she and her boyfriend, later identified as Gregory King, got into an argument over their car. The victim further stated that King wanted the title of the car that she drove because he wanted to sell it for $600. However, the victim stated she wanted to sell the car for $800 and when she refused to give King the title to their vehicle, he became violent. King started to slap the victim in the face several times and also pushed her several times on their bedroom bed while fighting with her.

The Movant never objected to these facts which demonstrate that his conviction for aggravated battery of a pregnant woman qualified as a predicate offense under the elements clause of the ACCA at the time of sentencing.

---

8. "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" Welch v. United States, —— U.S. ——,

## III. Conclusion

For the reasons set forth above, it is **ORDERED AND ADJUDGED** that:

1. Movant's Motion to Reconsider, or, in the Alternative Request for Final Order of Dismissal and Certificate of Appealability is **GRANTED IN PART AND DENIED IN PART** consistent with this Order and as follows:

 a. Movant's Motion for Reconsideration (D.E. 22), filed on September 21, 2016, is **DENIED;**

 b. Movant's request for a final order of dismissal is **GRANTED;**

 c. The Court's prior Non–Final Order (D.E. 18) is **ADOPTED AS SUPPLEMENTED** herein as a **FINAL ORDER OF DISMISSAL;**

 d. Movant's Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 (D.E. 5) remains **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

 e. Alternatively, Movant's Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 (D.E. 5) is **DENIED** on the merits and this case is **DISMISSED WITH PREJUDICE;**

 f. Final Judgment will be entered separately;

2. A certificate of appealability **SHALL NOT ISSUE;** [8]

3. This case is now **CLOSED.**

---

136 S.Ct. 1257, 1263, 194 L.Ed.2d 387 (2016) (quoting § 2253(c)(2)). That standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of February, 2017.

should have been resolved in a different manner." Id. (quoting Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Because Movant has not met this standard, a COA shall not issue.