[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15013

_____

D.C. Docket No. 8:13-cr-00243-JSM-AEP-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYMOND EDWARD BRAUN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 8, 2015)

Before ED CARNES, Chief Judge, COX, Circuit Judge, and ROYAL,[*] District
Judge.

COX, Circuit Judge:

_____

[*] Honorable C. Ashley Royal, United States District Judge for the Middle District of
Georgia, sitting by designation.

Defendant Raymond Edward Braun challenges on this appeal his sentence under the Armed Career Criminal Act ("ACCA").  Braun was sentenced under the "violent felony" provision of the ACCA, 18 U.S.C. § 924(e)(1).  Sentencing under this provision requires proof of three prior violent felonies.  He was sentenced to fifteen years in prison, which is the mandatory minimum under this statute.  We hold that the Government failed to prove that Braun had three prior convictions for violent felonies.  We reverse and remand.

## I.  Facts and Procedural History

In July 2013, Braun pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  This was the second time that Braun was convicted of being a felon in possession of a firearm.  While admitting that he had at least one prior felony conviction, Braun preserved his objection that he did not qualify as an armed career criminal.

The first time that Braun was convicted of being a felon in possession of a firearm was in 2003 after a guilty plea.  Braun was sentenced as an armed career criminal for this first conviction and given the applicable mandatory minimum sentence of fifteen years imprisonment.  Braun was released in 2012.  As a part of Braun's sentencing proceeding for his 2003 conviction, a Presentence Report ("the 2003 Presentence Report") was submitted, which the district court relied on in sentencing Braun.  When Braun was sentenced in 2003, he did not object to the

2

facts in the 2003 Presentence Report. And, he did not object to being sentenced under the ACCA.

As part of Braun's sentencing proceeding in this case, the Government also submitted a Presentence Report ("the 2013 Presentence Report"), which included a number of documents purporting to establish the three requisite violent felonies necessary to sentence Braun under the ACCA. One of these documents was the 2003 Presentence Report. Braun objected to the district court's reliance on the 2003 Presentence Report. And, he objected to being sentenced as an armed career criminal. He argued that the Supreme Court's decisions in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005), and *Descamps v. United States*, _ U.S. _, 133 S. Ct. 2276 (2013), precluded the Government from relying on the 2003 Presentence Report to establish that Braun was an armed career criminal. The district court sentenced Braun as an armed career criminal over his objection.

## II. Discussion

Section 924(e)(1) of the ACCA provides that "a person who violates section 922(g) of this title and has three previous convictions by any court . . . for a violent felony . . . shall  be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). Section 924(e)(2)(B) defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the

person of another; or (ii) is burglary, arson, or extortion [or] involves use of explosives . . . ." 18 U.S.C. § 924(e)(2)(B)(i)–(ii).

The ACCA also defines a violent felony to include a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*  During the pendency of Braun's appeal, the Supreme Court found this portion of the statute—known as the "residual clause"—unconstitutionally vague. *Johnson v. United States*, _ U.S. _, 135 S. Ct. 2551, 2557 (2015) (hereinafter *Samuel Johnson*).  Braun raised the issue of whether the residual clause is unconstitutionally vague in the district court, but did not raise the issue in his opening brief on appeal.  He raised it for the first time in a supplemental letter to this court.  Ordinarily, an argument not presented in a party's opening brief is waived.  However, also during the pendency of Braun's appeal, this court decided in an en banc decision that defendants such as Braun may raise the *Samuel Johnson* issue. *United States v. Durham*, _ F.3d _, Nos. 14-12198 & 14-12807 at 4–5 (11th Cir. Aug. 5, 2015) (en banc).  According to the *Durham* court:

> [W]here there is an intervening decision of the Supreme Court on an issue that overrules either a decision of that Court or a published decision of this Court that was on the books when the appellant's opening brief was filed, and that provides the appellant with a new claim or theory, the appellant will be allowed to raise that new claim or theory in a supplemental or substitute brief provided that he files a motion to do so in a timely fashion after . . . the new decision is issued.

4

*Id.*    While Braun raised the issue by supplemental letter (rather than by supplemental brief), the Government also filed a supplemental letter to this court, in which it agrees that the residual clause cannot be applied to define a violent felony under the ACCA.  Thus, we find that further briefing is unnecessary.  The residual clause is unconstitutionally vague and cannot be applied to define a violent felony under the ACCA.

We review de novo whether a conviction constitutes an ACCA violent felony. *United States v. Day*, 465 F.3d 1262, 1264 (11th Cir. 2006).  We are bound by federal law when we interpret terms in the ACCA, and we are bound by state law when we interpret the elements of state-law crimes. *Johnson v. United States*, 559 U.S. 133, 137, 130 S. Ct. 1265, 1269 (2010) (hereinafter *Curtis Johnson*).

In this case, three prior violent felony convictions are needed to support a sentence under Section 924(e)(1).  The Government presents four[1] prior convictions to justify Braun's sentence: (1) aggravated battery on a pregnant woman under Florida law, FLA. STAT. § 784.045(1)(b); (2) battery on a law enforcement officer under Florida law, FLA. STAT. § 784.07(2)(b);[2] (3) resisting arrest with violence under Florida law, FLA. STAT. § 843.01; and (4) assault with

---

[1] The district court relied on a fifth conviction, for arson under Maryland law.  The Government concedes that this conviction was not a violent felony under the ACCA.

[2] The parties discuss this conviction as battery on a corrections officer.  However, the statute describes battery on a law enforcement officer, and it defines law enforcement officers to include corrections officers. FLA. STAT. § 784.07(1)(d).

5

intent to commit robbery under Maryland law, MD. CODE ANN. 27, § 12 (LexisNexis 1992).[3]  We hold that the Government failed to prove that two of these four convictions—aggravated battery on a pregnant woman and battery on a law enforcement officer—were violent felonies.  Because the Government was required to prove three prior violent felony convictions to support an ACCA sentence, we need not address whether the other two convictions constitute violent felonies under the ACCA.

The Supreme Court requires a very specific method for the determination of whether a defendant's prior conviction qualifies as a violent felony.  The Sixth Amendment requires that any fact be submitted to a jury if it increases the statutory maximum sentence for an offense. *Shepard*, 544 U.S. at 24, 125 S. Ct. at 1262 (plurality opinion); *Descamps*, 133 S. Ct. at 2289.  However, there is one exception to this rule: the fact of a prior conviction may be found by the sentencing judge, even if it increases the statutory maximum sentence for the offense. *Descamps*, 133 S. Ct. at 2289.  The reason for this exception is that the defendant either had a jury during the trial that led to the conviction, or waived this right when pleading guilty. However, as the Court explained in *Descamps*, "when a defendant pleads guilty to a crime, he waives his right to a jury determination of only that offense's elements." *Id.* at 2288.  For this reason, in deciding whether a prior conviction

---

[3] This Maryland statute has since been repealed. *See Johnson v. State*, 199 Md.App. 331, 343 (Md. Ct. Spec. App. 2011), *rev'd on other grounds*, 427 Md. 356 (Md. 2012).

qualifies as a violent felony under the ACCA, sentencing courts may look only to the elements of the crime, not the underlying facts of the conduct that led to the conviction. *Id.*  Otherwise, sentencing courts would be finding facts that increase the defendant's sentence, which is a task reserved for a jury.

The application of this rule becomes more difficult in what the Supreme Court refers to as "divisible" statutes. *See id.* at 2289–90.  A divisible statute is one that "comprises multiple, alternative versions of a crime." *Id.* at 2284.  The difficulty of this situation is that the sentencing court must determine which version of the crime the defendant was convicted of, without engaging in the type of fact finding that the Sixth Amendment requires be done by a jury.  The Supreme Court's solution to this difficulty is to allow the sentencing court to refer only to *Shepard* documents to determine which version of the crime the defendant was convicted of.  *Shepard* documents include "the charging document, . . . a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information." *Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263.

### A.  Aggravated Battery on a Pregnant Woman

#### 1.  Whether the Statute is Divisible

Braun concedes that he was convicted of aggravated battery on a pregnant woman under FLA. STAT. § 784.045(1)(b).  Ordinarily, our first step is to examine

the statute of conviction and compare the elements of that crime to the "generic" (*i.e.*, commonly understood) elements of the enumerated felonies. *United States v. Howard*, 742 F.3d 1334, 1345 (11th Cir. 2014); *see also* 18 U.S.C. § 924(e)(2)(B)(ii) (listing the enumerated felonies). This is referred to as the "categorical approach." *Howard*, 742 F3d at 1345. However, the Government does not contend that this conviction contains the elements of one of the felonies enumerated in the ACCA (*e.g.*, burglary). Thus, our first inquiry is whether the statute is divisible or indivisible. *Id.*

The statute reads, "[a] person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant." *Id.* Under Florida law, the elements of this crime are (1) a battery, with (2) actual or constructive knowledge that the victim was pregnant. "The offense of battery occurs when a person: (1) [a]ctually and intentionally touches or strikes another person against the will of the other; or (2) [i]ntentionally causes bodily harm to another person." FLA. STAT. § 784.03(1)(a). Both Braun and the Government contend that this statute is divisible. We agree. *Descamps*, 133 S. Ct. at 2284 (A divisible statute is one that "comprises multiple, alternative versions of a crime."). Therefore, there are three ways to commit aggravated battery on a pregnant woman under Florida law: (1) actually and intentionally touching, against her will, a

8

woman that you know or should know is pregnant; (2) actually and intentionally striking, against her will, a woman that you know or should know is pregnant; or (3) intentionally causing bodily harm to a woman that you know or should know is pregnant.

## 2.  The Shepard Documents

Because the statute is divisible, our next step is to apply the "modified categorical approach." *Howard*, 742 F.3d at 1347.  Under the modified categorical approach, we consult any *Shepard* documents that the Government submitted to determine which version of the crime Braun was convicted of. *Id.*  The Government submitted the charging document, the plea agreement, the judgment of conviction, and the 2003 Presentence Report.  The first three documents are *Shepard* documents.  They establish that Braun was convicted of "actually and intentionally touch[ing] or strik[ing]" a pregnant woman against her will.  From these documents, we are only permitted to conclude that Braun intentionally touched a pregnant woman against her will. *See e.g.*, *Curtis Johnson*, 559 U.S. at 138, 130 S. Ct. at 1269–70 ("[N]othing in the record" permitted the court to conclude that the conviction "rested upon anything more than the least of these acts."); *Moncrieffe v. Holder*, _ U.S. _, 133 S. Ct. 1678, 1684 (2013) ("[W]e must presume that the conviction rested upon nothing more than the least of the acts criminalized . . . .") (quotations and alterations omitted).

In addition to the *Shepard* documents, the Government seeks to rely on the 2003 Presentence Report to establish that Braun was convicted of the more serious portion of the divisible statute: intentionally causing bodily harm to a pregnant woman. According to the 2003 Presentence Report, he "pushed the victim against the wall and began choking her." Thus, the Government contends, the district court properly concluded that this conviction was a prior violent felony.

We now turn to the issue of whether the district court properly relied on the 2003 Presentence Report in determining that the conviction for aggravated battery on a pregnant woman was a prior violent felony. We conclude that the district court erred in relying on the facts in the 2003 Presentence Report in determining that Braun's conviction for aggravated battery on a pregnant woman was a violent felony. According to *Shepard*, the only documents that a sentencing court may rely on are "the charging document, . . . a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information." *Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263.

This court has substantial precedent on the use of a Presentence Report in determining whether a prior conviction constitutes a violent felony under the ACCA. *See, e.g.*, *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1336 (11th Cir. 2013); *Rozier v. United States*, 701 F.3d 681, 685–86 (11th Cir. 2012); *United*

*States v. Bennett*, 472 F.3d 825, 833–34 (11th Cir. 2006). These cases rely on the fact that the defendant admitted the facts in the Presentence Report. *Cf. Shepard*, 544 U.S. at 24, 125 S. Ct. at 1262 (plurality opinion) ("[A]ny fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury, *in the absence of any waiver of rights by the defendant*.") (citation omitted) (emphasis added). Braun contends that *Descamps* has undermined these cases to the point of abrogation. The Government responds by citing *United States v. Ramirez-Flores*, 743 F.3d 816, 823 (11th Cir. 2014), which was decided after *Descamps*, and, according to the Government, demonstrates that these cases remain good law.

These Eleventh Circuit cases address whether a sentencing court properly relied on a Presentence Report prepared for the sentence at issue on appeal, where the Defendant did not object to its use (or the facts contained in it) in the district court. This issue generally arises in habeas proceedings or on direct appellate review where the defendant did not object to the sentencing court's reliance on the facts in the Presentence Report, but later seeks to challenge the district court's reliance on those facts. None of these cases address the situation raised here: whether facts admitted in a Presentence Report in one case may be relied on in *a later unrelated case* in finding a violent felony under the ACCA. It is one thing to consider an objection—raised for the first time on appeal—to facts that were never

objected to in the district court.  It is another thing to say that, once a defendant failed to challenge facts in a Presentence Report, the Government no longer has to prove those facts in a manner consistent with the Sixth Amendment in a later proceeding, whether or not the two proceedings bear any relation to each other.

Therefore, our holding is limited.    Under *Shepard* and *Descamps*, a sentencing court may not rely on a Presentence Report from an unrelated proceeding in place of a *Shepard* document.  It is not a charging document, a plea agreement or colloquy, or a comparable judicial record. *See Shepard*, 544 U.S. at 26, 125 S. Ct. at 1263.  And, the facts in the 2003 Presentence Report were properly objected to in this proceeding.  To allow the use of the 2003 Presentence Report in the manner advocated by the Government would be inconsistent with the Court's holding in *Descamps* that, "when a defendant pleads guilty to a crime, he waives his right to a jury determination of only that offense's elements; whatever he says, or fails to say, about superfluous facts cannot license a later sentencing court to impose extra punishment." *See Descamps*, 133 St. Ct. at 2288.

Having determined that the district court's reliance on the 2003 Presentence Report was error, we cannot conclude that Braun intentionally caused bodily harm to a pregnant woman.  As *Descamps* makes clear, we may not consider the facts of the underlying conviction, no matter how violent the facts may be. 133 S. Ct. at 2288.  Our only inquiry is what elements Braun was convicted of.  As discussed

above, applying this method to the *Shepard* documents that the Government submitted in this case, we are only permitted to conclude that Braun "actually and intentionally touch[ed]" a pregnant woman against her will.

### 3. Whether the Conviction Was a Violent Felony

We now determine whether actually and intentionally touching a pregnant woman against her will constitutes a violent felony under the ACCA.  The only issue before us is whether the conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).  This clause is often referred to as the "elements clause."

We must consider whether actually and intentionally touching a pregnant woman against her will involves the use, attempted use, or threatened use of physical force against the person of another.  In *Curtis Johnson*, the Supreme Court considered whether Florida battery involved the use, attempted use, or threatened use of physical force against another. 559 U.S. at 136–37, 130 S. Ct. at 1268–69. The Court held that, because the defendant could have been convicted of merely unwanted touching, this did not involve "physical force."  The Court reasoned that "the phrase 'physical force' means *violent* force." *Id.* at 140, 1271.  Thus, since the same Florida statute supplies the elements of battery in this case, our only inquiry is whether the fact that the unwanted touching occurred on a pregnant woman alters the analysis.  We conclude that it does not.  The Supreme Court has made

13

clear that "physical force" under the ACCA requires violent contact beyond a mere touching. And, the Government has presented no persuasive reason why the fact that the touching occurred on a pregnant woman would render an otherwise non-violent touching violent.

We hold that Braun's conviction for aggravated battery on a pregnant woman was not a violent felony. As discussed above, all we are permitted to conclude from the *Shepard* documents and the statutory language is that Braun committed an unwanted touching on a pregnant woman. Thus, the Government has failed to prove that Braun's conviction for aggravated battery on a pregnant woman was a prior violent felony.

## B.  Battery on a Law Enforcement Officer

Braun concedes that he was convicted of battery on a law enforcement officer under FLA. STAT. § 784.07(2)(b). This conviction involves the same elements of battery as Braun's conviction for battery on a pregnant woman. The difference is that this battery was perpetrated against a law enforcement officer rather than against a pregnant woman. Relying on our analysis in the previous sections, we hold that the Government failed to prove that Braun's conviction for battery on a law enforcement officer was a violent felony in this case.

As with the conviction for battery on a pregnant woman, the Government submitted the charging document, the plea agreement, the judgment of conviction,

14

and the 2003 Presentence Report. The first three documents are *Shepard* documents. They establish that Braun was convicted of "actually and intentionally touch[ing] or strik[ing]" a law enforcement officer against his will. As with the battery on a pregnant woman conviction, the *Shepard* documents only allow us to conclude that Braun actually and intentionally touched a law enforcement officer against his will. And, as discussed above, the district court erred in relying on the 2003 Presentence Report to determine which version of the crime Braun was convicted of.

The Supreme Court's holding in *Curtis Johnson*, that a conviction for Florida battery involving merely an unwanted touching does not qualify as a violent felony under the elements clause, applies here. 559 U.S. at 140, 130 S. Ct. at 1271. We note that in *Turner*, this court held that the defendant's conviction for battery on a law enforcement officer qualified as a violent felony under both the elements clause and the residual clause. 709 F.3d at 1340. However, the *Turner* court applied the modified categorical approach and concluded that the defendant was convicted of an actual and intentional striking, rather than a mere touching. *Id.* The *Turner* court appeared to assume that, had the conviction been for a mere touching, it would not qualify as a violent felony under the elements clause. *See id.* at 1339. And, as discussed, the Supreme Court has concluded that the residual clause is unconstitutionally vague. *Samuel Johnson*, 135 S. Ct. at 2557. Thus, this

15

court's holdings in *Turner* do not apply here. We hold that the Government has failed to prove that Braun's conviction for battery on a law enforcement officer was a prior violent felony.

## C.  The Government's Supplemental Letter

After *Samuel Johnson* was decided, the Government filed a supplemental letter to this court. This letter requests a second opportunity on remand to show that the Florida resisting arrest with violence conviction qualifies as a prior violent felony under the ACCA elements clause. We deny the Government's request. The ACCA requires proof of three prior violent felonies, and we have concluded that the convictions for battery on a law enforcement officer and aggravated battery on a pregnant woman do not satisfy the ACCA elements clause. Thus, regardless of whether the Florida resisting arrest with violence conviction qualifies under the elements clause, the Government cannot prove three prior violent felonies.

## III.  Conclusion

The ACCA sentence requires proof of three violent felonies. We hold that the Government failed to prove that two of the four felonies on which the Government relies were violent felonies. We reverse the judgment of the district court sentencing Braun as an armed career criminal, hold that Braun may not be sentenced under the ACCA, and remand for resentencing.

REVERSED AND REMANDED.