[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12302
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-14008-JEM-1

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

versus

WILLIAM A. TENDRICH,
a.k.a. "Tat",

                              Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 10, 2016)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

William Tendrich pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). The district court found that Mr. Tendrich qualified for a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on his prior felony convictions for breaking and entering a dwelling/home under Mass. Gen. Laws ch. 266, §§ 16 and 18. Mr. Tendrich does not dispute that those crimes—which were charged in grand jury indictments in Massachusetts—qualify as violent felonies under the ACCA. He asserts instead that he actually pled guilty to lesser offenses as part of a plea deal. This appeal, from the sentence of 180 months' imprisonment imposed by the district court, presents a single question: whether the government demonstrated by a preponderance of the evidence that Mr. Tendrich pled guilty to three ACCA-qualifying offenses. After careful review of the record and briefs, we affirm.

## I

In relevant part, the ACCA provides that a person who violates 18 U.S.C. § 922(g) and has three previous violent felony convictions, committed on different occasions from one another, is subject to a minimum term of 15 years' imprisonment. *See* 18 U.S.C.  924(e)(1). A violent felony is any crime punishable

2

by a term of imprisonment exceeding one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B).

To qualify as a violent felony under the ACCA, the statutory elements of the offense must comport with the generic definition of the offense. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Thus, a burglary conviction will only qualify as a violent felony under the ACCA if it has the basic elements of generic burglary, which the Supreme Court has defined as the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 2283 (citation omitted).

There are two approaches for determining whether a conviction meets the generic definition of burglary. *See United States v. Howard*, 742 F.3d 1334, 1342 (11th Cir. 2014). Under the categorical approach, courts look only to the statutory elements of the prior offense to determine whether they are the same as or more narrow than those of the generic offense, in which case the prior conviction can serve as an ACCA predicate. *See Descamps*, 133 S. Ct. at 2283. Under the modified categorical approach, courts may look beyond the statutory elements and consider a limited class of documents to determine whether the prior conviction

3

meets the generic definition. *Id.* at 2283–84. Those documents, known as *Shepard* documents, include the charging document, the plea agreement, the transcript of the colloquy between a judge and a defendant in which the factual basis for the plea was confirmed by the defendant, or "some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005). In *Descamps*, the Supreme Court clarified that the modified categorical approach applies only where the statute in question is divisible, meaning that it sets out one or more elements in the alternative, and is to be used only to determine which of the statute's alternative elements formed the basis of the defendant's conviction. *See Descamps*, 133 S. Ct. at 2281, 2293.

## II

We review *de novo* whether a conviction constitutes an ACCA violent felony. *See United States v. Braun*, 801 F.3d 1301, 1303 (11th Cir. 2015). Additionally, we review factual findings made at sentencing for clear error. *See United States v. Lebowitz*, 676 F.3d 1000, 1015 (11th Cir. 2012). Clear error will be established only if we are left with "a definite and firm conviction that a mistake has been committed." *United States v. Maxwell*, 579 F.3d 1282, 1305 (11th Cir. 2009). The government bears the burden of establishing the facts necessary to support a sentencing enhancement by a preponderance of the evidence. *See United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir. 2013).

4

## III

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Mr. Tendrich pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k).  In preparing the presentence investigation report, the probation officer determined that Mr. Tendrich was subject to a mandatory minimum sentence as an armed career criminal because he had four prior ACCA-qualifying convictions in Massachusetts: one conviction for breaking and entering in the nighttime and three convictions for breaking and entering in the daytime.

Mr. Tendrich objected to his designation as an armed career criminal, and specifically to the probation officer's reliance on his four Massachusetts convictions for breaking and entering into a dwelling as ACCA predicates. According to Mr. Tendrich, the breaking and entering charges had been reduced as part of a plea bargain.  The government responded that the four convictions for breaking and entering into a dwelling were convictions for generic burglary, and thus violent felonies under the enumerated crime of burglary in 18 U.S.C. §

5

924(e)(2)(B)(ii).  In the alternative, the government argued that the convictions were violent felonies under the residual clause of § 924(e)(2)(B)(ii).  According to the government, there was nothing to suggest that Mr. Tendrich had pled guilty to some other lesser offense.  The district court found that the prior convictions qualified as violent felonies under both the "enumerated offenses" and "residual" clauses of the ACCA and sentenced Mr. Tendrich to a 180-month term of imprisonment.

After Mr. Tendrich was sentenced, the Supreme Court struck down the residual clause of the violent felony definition in the ACCA as unconstitutionally vague.  *See Johnson v. United States*, 135 S.Ct. 2551 (2015).  As a result, Mr. Tendrich's prior felony convictions qualify as predicate offenses under the ACCA only if they fall under the "enumerated offenses" clause of the violent felony definition.

At the time Mr. Tendrich was convicted, Massachusetts had a divisible burglary statute that defined burglary more broadly than the generic definition of the crime, criminalizing unlawful entries into homes, watercraft, and motor vehicles.  *See* Mass. Gen. Laws ch. 266, §§ 16 and 18.  *See also Descamps*, 133 S. Ct. at 2284 (explaining that the Massachusetts burglary statute is divisible).  Because the Massachusetts statute is divisible, we apply the modified categorical

6

approach and resort to *Shepard* documents to determine whether the crimes for which Mr. Tendrich was convicted qualify as ACCA predicates.

At sentencing, the government produced four indictments specifying that Mr. Tendrich was charged with breaking and entering a dwelling and listing the occupants of each dwelling. Each indictment was paired with a clerk's log, and both the indictment and clerk's log were labeled with a matching docket number, nos. 95-1224 through 95-1227. The clerk's logs show that Mr. Tendrich initially pled not guilty to each charge, but later changed his pleas to guilty. The documents establish the charge, the relevant elements of the charge, and that Mr. Tendrich pled guilty. Because the offense of breaking and entering a dwelling meets the generic burglary definition and carries a sentence exceeding one year, it qualifies as an ACCA predicate.[1]

Mr. Tendrich does not dispute that the indictments and clerk's logs are valid *Shepard* documents. Rather, he contends that the log entries do not clearly establish the crimes for which he was convicted. But the record reflects that he pled guilty to the indictments, as charged, and it contains no evidence that he pled

---

[1] Although Mr. Tendrich contends that the first breaking and entering charge only resulted in probation and not a prison sentence of one year or longer, the ACCA merely requires that the prior convictions be "*punishable* by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g) (emphasis added). The single conviction challenged by Mr. Tendrich on this ground, breaking and entering at nighttime, is punishable by up to 20 years in prison. *See* Mass. Gen. Laws ch. 266, § 16. That conviction, therefore, is a qualifying ACCA predicate.

guilty to lesser offenses as part of a plea bargain.  Based on that record, we see no clear error in the district court's conclusion that Mr. Tendrich pled guilty to the breaking and entering charges listed in each indictment.[2]

Mr. Tendrich also argues that the district court violated his Fifth and Sixth Amendment rights by enhancing his sentence using prior convictions that were neither alleged in the indictment nor admitted by him during his plea.  This argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held the government need not prove beyond a reasonable doubt that a defendant had prior convictions or allege those prior convictions in the indictment in order to use those convictions to enhance a defendant's sentence. We have held that a district court may properly rely on a defendant's prior convictions to enhance his sentence and that *Almendarez-Torres* remains binding law.  *See, e.g.*, *United States v. Beckless*, 565 F.3d 832, 846 (11th Cir. 2009).

Mr. Tendrich further argues that the district court improperly made findings of fact *about* a conviction rather than the fact of a conviction.  This argument is foreclosed, as Mr. Tendrich acknowledged, by *United States v. Greer*, 440 F.3d 1267 (11th Cir. 2006).  We recognized in *Greer* that "implicit in the *Shepard* rule . . . [is] a recognition that if the nature of the prior conviction can be determined

---

[2] Although Mr. Tendrich did not have any burden to prove that the offenses were not ACCA predicates, we note that he did not introduce any evidence to support his claim that he pled guilty to lesser offenses.

8

from [*Shepard* documents], under existing law the trial judge may make the determination."   *Greer*, 440F.3d at 1275.   Because we are bound by this prior precedent, Mr. Tendrich's argument fails.

## IV

Because we conclude that the district court did not err in sentencing Mr. Tendrich as an armed career criminal, we affirm his 15-year sentence.


**AFFIRMED.**