[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17378
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-00005-LGW-RSB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERNARD JERICHO PEARSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 3, 2017)

Before TJOFLAT, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Vernard Jericho Pearsey appeals his 180-month sentence for one count of felon in possession of a firearm.  On appeal, Pearsey argues that his prior Georgia burglary convictions do not qualify as predicate violent felonies under the Armed Career Criminal Act ("ACCA").  He argues that Georgia's burglary statute is indivisible because it includes any type of building, vehicles, railroad cars, watercraft, or any structure used as a dwelling, and lists those locations as alternative means of committing burglary, rather than alternative elements.

We review *de novo* whether a prior conviction is a violent felony within the meaning of the ACCA.  *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).

Under the ACCA, a defendant convicted of being a felon in possession of a firearm who has 3 or more prior convictions for a "serious drug offense" or "violent felony" faces a mandatory minimum 15-year sentence.  *See* 18 U.S.C. § 924(e)(1).  The ACCA defines a violent felony as a crime punishable by a term of imprisonment exceeding one year that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

2

*Id.* § 924(e)(2)(B).  The first condition of this definition is referred to as the "elements clause," while the second condition contains the "enumerated crimes clause" and the "residual clause."  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  The Supreme Court recently struck down the ACCA's residual clause as unconstitutionally vague.  *Johnson v. United States*, 135 S. Ct. 2551, 2557–60 (2015).

In listing the crimes set forth in the enumerated crimes clause, Congress referred only to the "generic" versions of those crimes.  *United States v. Gundy*, 842 F.3d 1156, 1161 (11th Cir. 2016).  "The generic, contemporary definition of burglary consists of these elements: (1) an unlawful or unprivileged entry into, or remaining in, (2) a building or other structure, (3) with intent to commit a crime therein."  *Id.* at 1164.  An enumerated crime qualifies as a violent felony under the ACCA if its elements are the same as, or narrower than, those of the generic offense.  *Id.* at 1161.

To determine whether a prior conviction is a violent felony, sentencing courts generally employ the "categorical approach" and compare the elements of the statute forming the basis of the defendant's conviction to the elements for a violent felony under the ACCA.  *United States v. Braun*, 801 F.3d 1301, 1304–05 (11th Cir. 2015).   But if (and only if) the statute is divisible, the sentencing court can apply the "modified categorical approach" to determine if the conviction is a

3

violent felony.  *Mathis v. United States*, 136 S. Ct. 2243, 2251, 2253–54 (2016); *see also Braun*, 801 F.3d at 1304–05.

In *Mathis v. United States*, the Supreme Court stated that a statute is divisible only if it sets forth alternative elements of an offense, creating multiple crimes, rather than alternative means of committing a single offense.  136 S. Ct. at 2249.  The Court concluded that Iowa's burglary statute, which defined the term "occupied structure" as "any building, structure, or land, water or air vehicle," set forth a single crime with one set of elements, and provided alternative means of satisfying the locational element.  *Id.* at 2250.  Thus, the Court held that the defendant's prior Iowa burglary conviction was broader than generic burglary under the ACCA; so the conviction could not qualify as a predicate violent felony.  *Id.* at 2251, 2257.

Under the modified categorical approach, the court may review "a limited class of documents" (including charging documents, plea agreements, transcripts of plea colloquies, or some comparable judicial record) to determine which of the statute's alternative elements formed the basis of the defendant's conviction.  *Braun*, 801 F.3d at 1305–06; *Gundy*, 842 F.3d at 1168.  These documents are known as *Shepard* documents.  *Gundy*, 842 F.3d at 1168.  Courts must next compare the elements of the identified crime of conviction to that of the relevant generic offense.  *Id.* at 1162.

4

Under Georgia law, burglary occurs when "without authority and with the intent to commit a felony or theft therein, [a person] enters or remains within an occupied, unoccupied, or vacant dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another."  O.G.C.A. § 16-7-1(b) (2011).[*]

In *United States v. Gundy*, we held that Georgia's burglary statute, which was broader than generic burglary, was divisible, stating that Georgia's statute uses three alternative locational elements, which are stated in the disjunctive.  *Gundy*, 842 F.3d at 1164–68.  We rejected the argument that the alternative locations in the statute were alternative means of committing the offense, rather than alternative elements, under Georgia law.  *Id.*  After determining that Georgia's burglary statute is divisible, we applied the modified categorical approach to determine the kind of burglary for which the defendant had been convicted.  *Id.* at 1168.  We reviewed the indictment for each of the defendant's prior Georgia burglary convictions, and we concluded that the indictments charged the defendant with burglarizing either the "dwelling house" or the "business house" of another.  *Id.* at 1168–69.  Therefore, we determined in Grundy that the defendant's prior

---

[*] Georgia's burglary statute was amended on July 1, 2012, and had not been amended prior to that since 1980.  *See* 2012 Ga. Laws 899; 1980 Ga. Laws 770.  Accordingly, the 2011 version of O.G.C.A. § 16-7-1 was the statute under which Pearsey was previously convicted.

convictions were for generic burglary and qualified as violent felonies under the ACCA's enumerated crimes clause. *Id.* at 1169.

The district court did not err in determining that Pearsey's prior Georgia burglary convictions were violent felonies under the ACCA: Georgia's burglary statute is divisible, and Pearsey's certified indictment and guilty plea for his burglary convictions show that he was convicted of three counts of burglary of a dwelling -- which has the same elements as generic burglary under the ACCA's enumerated crimes clause.

**AFFIRMED.**