[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15327
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00057-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD SANTORIELLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 26, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Donald Santoriello appeals his 200-month sentence imposed after pleading guilty to possession of a firearm by a convicted felon.  Santoriello asserts the district court erred in enhancing his sentence pursuant to the Armed Career Criminal Act (ACCA) because the three underlying convictions counted by the district court do not qualify as violent felonies.  After review,[1] we affirm Santoriello's sentence.

Under the ACCA, any person who violates 18 U.S.C. § 922(g) and has at least three prior convictions for violent felonies or serious drug offenses receives a mandatory minimum sentence of 15 years' imprisonment.  18 U.S.C. § 924(e)(1). The ACCA's elements clause defines a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that "has an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Santoriello's argument as to two of his underlying convictions is foreclosed by binding precedent.  This Court has held that both Florida second-degree murder and aggravated assault categorically qualify as violent felonies under the elements clause of the ACCA.  *United States v. Jones*, __ F.3d __, No. 17-12240, 2018 WL 5291324 at *3 (11th Cir. Oct. 25, 2018) (second-degree murder); *Turner v. Warden*

---

[1] We review *de novo* whether a particular conviction qualifies as a violent felony under the ACCA.  *United States v. Braun*, 801 F.3d 1301, 1303 (11th Cir. 2015).

*Coleman, F.C.I.*, 709 F.3d 1328, 1338 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015) (aggravated assault).[2]

Santoriello's third underlying conviction is for first-degree robbery in New York. Under New York law, "[a] person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person." N.Y. Penal Law § 160.00. A person commits first-degree robbery in New York when, during the crime or the immediate flight afterwards, he or another participant: (1) "[c]auses serious physical injury to any person who is not a participant in the crime"; (2) "[i]s armed with a deadly weapon"; (3) "[u]ses or threatens the immediate use of a dangerous instrument; or" (4) "[d]isplays what appears to be a . . . firearm . . . ." N.Y. Penal Law § 160.15.

Santoriello's argument that his New York conviction for first-degree robbery does not qualify as an ACCA predicate fails. Because New York's first-degree robbery statute is divisible as it "sets out one or more elements of the offense in the alternative," we apply a modified categorical approach. *See United States v. Davis*, 875 F.3d 592, 597 (11th Cir. 2017) (providing the modified categorical

---

[2] We have rejected the argument that *Turner* is no longer good law. First, in *United States v. Golden*, we relied upon *Turner*'s holding to conclude post-*Johnson* that aggravated assault under Fla. Stat. § 784.021 is a crime of violence under the identical definition provided in the Sentencing Guidelines. 854 F.3d 1256, 1256-57 (11th Cir. 2017). More recently, in *United States v. Deshazior*, we confirmed that *Turner* is still binding, and therefore, a Florida conviction for aggravated assault is a violent felony under the ACCA's elements clause. 882 F.3d 1352, 1355 (11th Cir. 2018).

approach is used if a statute is divisible); *United States v. Howard*, 742 F.3d 1334, 1345-46 (11th Cir. 2014) (explaining divisibility); *see also United States v. Jones*, 878 F.3d 10, 16-17 (2d Cir. 2017) ("New York's first-degree robbery statute is divisible and therefore subject to the modified categorical approach.").  Under the modified categorical approach, this Court may consider certain documents in determining which subsection of the statute Santoriello violated.  *Davis*, 875 F.3d at 597 (stating under the modified categorical approach, a district court may examine a limited set of judicial documents "in order to determine which of the multiple crimes listed in the statute the defendant was convicted of committing").

In her reply to Santoriello's objections to the PSI, the probation officer noted that Santoriello was convicted under "New York Code 160.15. 01."  The probation officer also noted and agreed with the Government's assertion that Santoriello was convicted under subsection (1) of the statute.  Additionally, during the sentencing hearing, the Government asserted that Santoriello agreed he was convicted under subsection (1) and the court agreed the judgment reflected Santoriello was convicted under that subsection.  Santoriello did not object to either the assertions made in the PSI addendum or the statements of the Government and court at sentencing.  This Court has stated if a defendant fails to object to the facts of his prior convictions as contained in his PSI or PSI addendum, those facts are deemed admitted.  *United States v. Bennett*, 472 F.3d 825, 832-34 (11th Cir. 2006).   Thus,

4

Santoriello has admitted he was convicted under New York Penal Law § 160.15(1) despite the fact the judgment for his conviction has not been included in the record on appeal.

Subsection one of the New York first-degree robbery statute satisfies the ACCA's elements clause because that clause requires "force capable of causing physical pain or injury to another person," *see Johnson v. United States*, 559 U.S. 133, 140 (2010) (stating "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person"), and the applicable subsection of the statute requires that "serious physical injury" result from the robbery, *Jones*, 878 F.3d at 17; N.Y. Penal Law § 160.15(1).

Accordingly, the district court did not err in finding that Santoriello has three valid predicate convictions and qualifies as an armed career criminal.

**AFFIRMED.**

5