[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13778
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00292-SCB-CPT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE ISAAC ROSS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2020)

Before WILSON, JORDAN, and HULL, Circuit Judges.

PER CURIAM:

Jermaine Isaac Ross appeals his conviction for knowingly possessing ammunition after being convicted of a felony, under 18 U.S.C. § 922(g)(1), and his 180-month sentence, pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Following a thorough review of the record and relevant authorities, we affirm Mr. Ross' conviction and sentence.

**I**

Mr. Ross plead guilty to knowingly possessing ammunition after being convicted of a felony. According to the indictment, federal agents discovered over 100 rounds of ammunition while executing a search warrant of Mr. Ross' home. The agents later determined that the ammunition had been manufactured in the Philippines, South Korea, Nevada, Illinois, or Mississippi and, therefore, must have traveled interstate or internationally to reach Mr. Ross' home in Florida. Prior to Mr. Ross pleading guilty, the magistrate judge explained the elements of a charge under § 922(g)(1) and reviewed the factual basis for Mr. Ross' plea. Mr. Ross admitted that he had at least one prior felony conviction and did not object to any of to the essential elements of his crime. Mr. Ross, however, did not concede that his prior drug convictions could be used to enhance his sentence under the ACCA. *See* § 924(e)(1).

The district court concluded that Mr. Ross' prior convictions qualified him as an armed career criminal under the ACCA and sentenced him to 180 months'

imprisonment, to be followed by 4 years' supervised release. Mr. Ross argued unsuccessfully that he did not qualify for an enhanced sentence under the ACCA because the government had failed to prove that he had committed at least three serious drug offenses on separate occasions.

The presentence investigation report stated that on May 7, 2009, Mr. Ross was convicted of two counts of selling cocaine in Hernando County, Florida, and that on February 19, 2013, he was convicted of four counts of selling cocaine in Pasco County, Florida. According to the report, the offenses leading to Mr. Ross' 2009 convictions occurred on January 30, 2008, and February 15, 2008, and the offenses leading to his 2013 convictions occurred on January 23, 2012, January 26, 2012, February 17, 2012, and March 1, 2012. The district court adopted the facts and guidelines calculations in the presentence investigation report and overruled Mr. Ross' objection, concluding that Mr. Ross qualified under the ACCA because his prior drug offenses occurred on six separate occasions. It based the date of Mr. Ross' prior offenses on state-court charging documents for each offense.

## II

Mr. Ross raises several arguments on appeal.

Challenging his conviction, Mr. Ross argues that § 922(g)(1) requires the government to prove that he knew that he was a convicted felon at the time he possessed ammunition. Mr. Ross also asserts that § 922(g) violates the Commerce

Clause on its face and as applied because his conduct was purely intrastate. We review these arguments for plain error because Mr. Ross raises them for the first time on appeal. *See United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

Mr. Ross also raises three challenges to his sentence under the ACCA. He argues that the that the district court erred by (1) relying on dates alleged in state-court charging documents to conclude that his prior drug offenses were committed on separate occasions; (2) basing his ACCA enhancement on facts that were not charged in the indictment or proven to a jury beyond a reasonable doubt; (3) ruling that his convictions under Fla. Stat. § 893.13 were serious drug offenses for ACCA purposes. We review these arguments de novo. *See United States v. Sneed*, 600 F.3d 1326, 1330 n.5 (11th Cir. 2010); *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013); *United States v. Braun*, 801 F.3d 1301, 1303 (11th Cir. 2015).

## A

In relevant part, § 922(g) makes it unlawful for nine categories of people, including convicted felons and unlawful aliens, "to possess in or affecting commerce, any firearm or ammunition[.]" § 922(g)(1), (5). Mr. Ross contends that for a conviction under § 922(g)(1), the government must prove that the defendant knew that he was a convicted felon when he possessed ammunition. Mr. Ross, however, did not object to the factual basis for his guilty plea. Nor did he object to district court's discussion of § 922(g)(1)'s elements during the Rule 11 plea

4

colloquy, at which the court stated that the government would only be required to prove that he was a felon and that he knowingly possessed ammunition affecting interstate commerce. As noted, therefore, we review Mr. Ross' § 922(g) conviction for plain error.

Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See Wright*, 607 F.3d at 715. "A plain error is an error that is obvious and is clear under current law. And there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lange*, 862 F.3d 1290, 1296 (11th Cir. 2017) (citations and quotation marks omitted). Stated differently, where Supreme Court precedent is materially different from the appellant's case, it does not establish plain error. *See United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999). *See also United States v. Hunerlach*, 197 F.3d 1059, 1069 (11th Cir. 1999) (finding no plain error where binding precedent was factually dissimilar).

After briefing was completed in this appeal, the Supreme Court held, in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. The defendant in *Rehaif*

was convicted under § 922(g)(5)(A)—which prohibits an unlawful alien from possessing a firearm—and the Supreme Court stated that it "express[ed] no view . . . about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." *Id.*

*Rehaif* establishes error that was plain—the first two elements of plain error—but we decline to reverse Mr. Ross' § 922(g)(1) conviction. A missing element can be subjected to harmless-error analysis, *see United States v. Browne*, 505 F.3d 1229, 1267 (11th Cir. 2007), and here Mr. Ross had six prior narcotics convictions. Given those prior convictions, it is difficult to believe that Mr. Ross was not aware that he was a felon. *See Neder v. United States*, 527 U.S. 1, 19 (1999) (asking "whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element"). As a result, any error did not affect Mr. Ross' substantial rights or seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Wright*, 607 F.3d at 715.

## B

Mr. Ross' second argument, that § 922(g) is unconstitutional because it exceeds Congress' authority under the Commerce Clause, is foreclosed by binding precedent. In *Wright*, 607 F.3d at 715–16, we rejected a similar facial and as-applied challenge to § 922(g). *See also United States v. McAllister*, 77 F.3d 387, 389–90, 391 (11th Cir. 1996). Under § 922(g), the government need only prove a "minimal

6

nexus" to interstate commerce, which it may accomplish by demonstrating that the firearm or ammunition was manufactured outside of the state where the offense took place. *See Wright*, 607 F.3d at 715–16. Here, Mr. Ross did not object to the facts in his PSI establishing that the ammunition was manufactured outside of Florida. He therefore "has not shown the [d]istrict [c]ourt committed error, let alone plain error, on this issue." *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017) (per curiam) (ruling that the defendant's "Commerce Clause challenge to § 922(g) [was] without merit").

## C

Under the ACCA, a defendant convicted under § 922(g) is subject to a mandatory minimum sentence of 15 years' imprisonment if he or she has three prior convictions for a violent felony or a serious drug offense that were committed on occasions different from one another. *See* § 924(e)(1). To be committed on different occasions, the defendant's prior offenses "must have arisen from 'separate and distinct criminal episodes' and be for 'crimes that are temporally distinct.'" *Longoria*, 874 F.3d at 1281 (quoting *Sneed*, 600 F.3d at 1329). Stated differently, successive crimes qualify as separate criminal offenses under the ACCA, but simultaneous crimes do not. *See id. See also United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998).

Mr. Ross argues that the district court erred in concluding that his six prior offenses were ACCA predicates because the respective state-court judgments did not include the specific dates on which Mr. Ross committed the offenses. The district court instead relied on state-court charging documents—called "informations" in Florida—to determine when Mr. Ross committed his prior offenses. According to Mr. Ross, the district court was not permitted to rely only on charging documents to determine the date of a prior offense because the date is not an element of the crime charged. We disagree.

To establish that a defendant's prior offenses occurred on different occasions, the government can rely on documents approved by the Supreme Court in *Shepard v. United States*, 544 U.S. 13 (2005). *Shepard*-approved documents include the statutory elements of the offense, charging documents, plea agreements or colloquies, explicit factual findings to which the defendant assented, or comparable judicial records. *See id.* at 16, 26. *See also Sneed*, 600 F.3d at 1332–33. In *Weeks*, 711 F.3d at 1259, we said that "for ACCA purposes, district courts may determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions, so long as they limit themselves to *Shepard*-approved documents." We therefore held that state-court charging documents, indicating that the defendant's prior offenses were committed on separate days, "were sufficient to establish that one of those offenses was

8

temporally distinct for ACCA purposes." *Id.* at 1261. *See also Longoria*, 874 F.3d at 1283 (holding that the district court could rely on non-elemental facts in *Shepard*-approved documents to determine whether prior offenses were committed on separate occasions).

Under our prior panel precedent rule, a prior case's holding is binding on all subsequent panels unless it is overruled or undermined to the point of abrogation by the Supreme Court or by our Court sitting en banc. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Based on our opinion in *Weeks*, 711 F.3d at 1261, the district court did not err in relying on state-court charging documents to conclude that Mr. Ross' prior narcotics offenses were committed on six separate occasions.

**D**

Mr. Ross argues that his ACCA sentence violated the Fifth and Sixth Amendments because the facts related to his prior offenses were not charged in the indictment, admitted to, or proven to a jury beyond a reasonable doubt. This argument is also foreclosed by binding precedent. "Neither the Fifth Amendment nor the Sixth Amendment prevents the district court from finding the fact of [Mr. Ross'] prior convictions, or using them to designate him an Armed Career Criminal." *United States v. Smith*, 775 F.3d 1262, 1266 (11th Cir. 2014) (alterations adopted) (quoting *United States v. Gibson*, 434 F.3d 1234, 1246 (11th Cir. 2006)).

All elements of a crime, or facts that increase the minimum or maximum sentence, must be alleged in an indictment and either admitted to by a defendant or proved to a jury beyond a reasonable doubt. *See Alleyne v. United States*, 526 U.S. 99, 103 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 476, 490 (2000). But in *Almendarez-Torres v. United States*, 523 U.S. 224, 227 (1998), the Supreme Court recognized an exception for prior convictions. Based on *Almendarez-Torres*, we ruled in *Smith*, 775 F.3d at 1266, that the district court did not violate the Fifth or Sixth Amendments by sentencing the defendant under the ACCA based on prior convictions that were not charged in the indictment, admitted to by the defendant, or proven to a jury. And, in *Longoria*, 874 F.3d at 1283, we held that the district court did not err in finding as fact the dates of the defendant's prior offenses to conclude that the offenses were committed on separate occasions. *See also United States v. Overstreet*, 713 F.3d 627, 635 (11th Cir. 2013); *Weeks*, 711 F.3d at 1259.

Based on *Longoria*, 874 F.3d at 1283, and *Smith*, 775 F.3d at 1266, the district court did not err in finding as fact the dates of Mr. Ross' prior offenses.

### E

In addition to being committed on separate occasions, a defendant's prior offenses must qualify as a violent felony or a serious drug offense to justify an ACCA enhancement. *See* § 924(e)(1). State offenses qualify as serious drug offenses if the offense involved manufacturing, distributing, or possessing with

10

intent to manufacture or distribute, a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed by law.  *See* § 924(e)(2)(A)(ii).

Mr. Ross argues that his convictions under Fla. Stat. § 893.13 are not serious drug offenses because, at the time of his convictions, the Florida statute did not require proof of the same mens rea element as the federal controlled substance statute—i.e., knowledge of the illicit nature of the controlled substance.  *See* 18 U.S.C. § 841(a)(1).  We rejected this argument in *Smith*, 775 F.3d at 1267–68, and held that convictions under Fla. Stat. § 893.13(1) are serious drug offenses under the ACCA.  *See also United States v. Phillips*, 834 F.3d 1176, 1184 (11th Cir. 2016) ("[W]e have held that possessing cocaine with the intent to sell is a 'serious drug offense' even though the Florida legislature removed a mens rea element in 2002.") (citing *Smith*, 775 F.3d at 1268).  The Supreme Court recently ruled that the definition of "serious drug offense" in § 924(e)(2)(A)(ii) requires only that the state offense involved the conduct specified in the statute; it does not require that the state offense match certain generic offenses.  *See Shular v. United States*, ___ S. Ct. ___, 2020 WL 908904, *5–*7 (U.S. Feb. 26, 2020) (rejecting mens rea argument concerning Fla. Stat. § 893.13).  *Smith* and *Shular* foreclosed Mr. Ross' argument.

**III**

11

For the forgoing reasons, we affirm Mr. Ross' conviction and 180-month sentence.

**AFFIRMED.**