[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 22-12286

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHNATHAN COLE WARD,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cr-00107-JB-MU-1

————————————

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Johnathan Cole Ward appeals his 180-month sentence for possession of a firearm by a convicted felon. For the first time on appeal, he argues that the district court erred in sentencing him as an armed career criminal because the government failed to establish that his three prior Alabama robbery offenses were committed on separate occasions. In support of his position, he has moved this Court to supplement the record on appeal to include state-court documents concerning his robbery convictions.

We grant the motion to supplement the record. But because Ward failed to show that the district court committed plain error in applying the statutory sentence enhancement, we affirm.

## I.

Ward pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The probation officer prepared a presentence investigation report (PSR), which stated that Ward was subject to an enhanced sentence under the Armed Career Criminal Act because he had three prior convictions for a violent felony or serious drug offense. *See* 18 U.S.C. § 924(e). Specifically, the PSR reported that Ward pleaded guilty in April 2009 to three counts of Alabama third-degree robbery charged in three separate (but sequentially numbered) cases. In language parroting the state charging documents, the PSR described the three robberies as follows: (1) the use of force against Rachel Woods to steal

cash from a Circle K; (2) the use of force against Gwendolyn Craig to steal cash from a Shell station; and (3) the use of force against Kathy Huffmaster to steal cash from a BP service station.

Ward filed objections to the PSR's application of the armed-career-criminal sentence enhancement on the ground that Alabama third-degree robbery is not a violent felony under § 924(e)—an argument that is foreclosed by our precedent. *See United States v. Hunt*, 941 F.3d 1259, 1262 (11th Cir. 2019). Ward also filed police reports from the three robberies, arguing that the sentence enhancement should not apply because the reports showed that he had not actually used violence during the offenses—an argument that is also foreclosed by binding precedent. *See Descamps v. United States*, 570 U.S. 254, 267–68 (2013); *United States v. Braun*, 801 F.3d 1301, 1304 (11th Cir. 2015). Among other things, the police reports indicated that the robberies took place on three different dates, and that the three gas stations were located on different streets in Mobile and Theodore, Alabama. The district court overruled Ward's objections and sentenced him to 180 months in prison, the mandatory minimum sentence under § 924(e).

This appeal followed. In this Court, Ward argues for the first time that the district court plainly erred by sentencing him as an armed career criminal because his three robbery offenses were not committed on different occasions, as required by § 924(e). He has filed a motion to supplement the record on appeal with copies of the state charging documents (which contain essentially the

same information as the PSR) and court documents reflecting his guilty pleas and sentence in the three consolidated cases.

## II.

Ordinarily, we review a district court's determination that a defendant's prior felony offenses were committed on different occasions (as required by § 924(e)(1)) de novo. *United States v. Dudley*, 5 F.4th 1249, 1255 (11th Cir. 2021). But where, as here, a defendant raises an issue for the first time on appeal, our review is for plain error only. *See* Fed. R. Crim. P. 52(b); *Dudley*, 5 F.4th at 1255. "To establish plain error, a defendant must show: (1) an error; (2) that was obvious; (3) that affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Dudley*, 5 F.4th at 1255.

## III.

The Armed Career Criminal Act (ACCA) mandates a minimum 15-year sentence for possession of a firearm in violation of 18 U.S.C. § 922(g)(1) if the defendant has three prior convictions for violent felonies "committed on occasions different from one another." 18 U.S.C. 924(e)(1). District courts may determine the nature of a defendant's prior convictions at sentencing, including whether the offenses were committed on different occasions, "so long as they limit themselves to *Shepard*-approved documents." *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017).

So-called "*Shepard* documents" include "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea

was confirmed by the defendant," or "some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005). District courts may also rely on undisputed statements of fact in the PSR. *United States v. McCloud*, 818 F.3d 591, 595 (11th Cir. 2016). Courts generally may not rely on police reports in determining whether predicate offenses were committed on different occasions. *United States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010).

Whether crimes were committed "on occasions different from one another" for purposes of an ACCA sentence enhancement is a "multi-factored" inquiry focusing on the ordinary usage of the term "occasion" as referring to "an event or episode." *Wooden v. United States*, 142 S. Ct. 1063, 1070 (2022). Relevant factors include the timing, proximity of location, and character and relationship of the offenses. *Id.* at 1071. "In many cases, a single factor—especially of time or place—can decisively differentiate occasions." *Id.*

Applying this standard, we conclude that the district court did not plainly err in enhancing Ward's sentence under ACCA. Even if the district court was required to disregard the dates and addresses in the police reports that Ward himself submitted and relied upon (a question we do not reach here), the undisputed facts in the PSR indicated that the robberies took place at three different locations and involved three different victims. Whether that information would be sufficient to meet the government's burden of proving the different-occasions requirement when the defendant

raises the issue in the district court is a close question. But on plain-error review, "the defendant has the burden of establishing each of the four requirements for" relief. *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). And the requirement that an error be "plain" is met only if the error "is 'clear' or 'obvious'—that is, if 'the explicit language of a statute or rule' or 'precedent from the Supreme Court or this Court directly resolv[es]' the issue." *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020) (alteration in the original) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993), and *United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015)). A close call or even a questionable decision does not amount to plain error. *See Henderson v. United States*, 568 U.S. 266, 278 (2013) (Rule 52(b)'s "requirement that an error be 'plain' means that lower court decisions that are questionable but not plainly wrong (at time of trial or at time of appeal) fall outside the Rule's scope"). The district court's decision here was not plainly wrong, so we must affirm.

## IV.

The district court did not plainly err in sentencing Ward as an armed career criminal under 18 U.S.C. § 924(e). We therefore AFFIRM Ward's conviction and sentence. We GRANT his motion to supplement the record on appeal.

**AFFIRMED.**